(38 South. 525.)

No. 15,421.

BOSSIER'S HEIRS v. JACKSON et al.*

(March 27, 1905.)

PETITORY AND POSSESSORY ACTIONS—ACTION
FOR JACTITATION—TRESPASS.

1. The action should have been possessory, petitory, for jactitation, or for trespass.
The property should have been sufficiently de-

*Rehearing denied May 8, 1905.

scribed for purpose of identification without any uncertainty as to locality, and as near correct as possible as to area.

2. The familiar rule is stated for illustration: If the party is in possession, his action is possessory. If the owner is not in possession, the action is petitory. If the owner in possession is damaged or annoyed by persons setting up adverse title to his own, the action is for slander of title. If the owner is annoyed and his possession infringed upon by trespasser, his action may be for trespass, and he may in that connection exhibit his title.

3. The court, under its view, would remand the case as for trespass. As it has to be remanded, the plaintiff will be allowed to show whether he is in any one of the categories as to right of action before alluded to, and to amend and present issues that the right of parties may be determined, or his case will be dismissed as in case of nonsuit.

(Syllabus by the Court.)

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Charles Vernon Porter, Judge.

Action by the heirs of Francois Bossier against E. W. Jackson and others. From an order dismissing the action, plaintiffs appeal. Reversed.

Scarborough & Carver, for appellants. Breazeale & Breazeale, for appellees E. W. Jackson and R. B. Hollingsworth. Jack & Fleming and Chichester Chaplin & Son, for appellees H. Percy and M. L. Dismukes.

BREAUX, C. J. Plaintiffs, in the prayer of their petition, ask to be recognized as owners of a large tract of land situated in the parish of Natchitoches, near the town of that name; further, for a judgment decreeing that defendants are trespassers without title, and condemning them to pay for trees cut down by them.

Plaintiffs aver that they are the owners of said land in indivision by inheritance from the late Francois Bossier. They, through mesne conveyance, trace the title to the Spanish government, and allege that this land was surveyed and marked out by Trudeau, surveyor general, in 1798, and in the year 1816 by Irwin, deputy surveyor of the United States

government. Plaintiffs set out that they have always been in possession of this tract, "and that they are now in possession."

Their complaint is that defendants are trespassing upon the land under an invalid claim; that they are bad faith possessors, and are cutting down timber on the land, and are liable for the exemplary damages claimed; and, in substance, further allege that, if they have any title to any part of the land, they have gone beyond the limits of their title; that defendants have been notified not to trespass thereon. They have not stopped trespassing. Other allegations are made, of which we do not deem it necessary to insert a summary here.

Defendants interposed the exception of no cause of action, of vagueness, and of insufficiency of description of the property. The exception was overruled, and defendants reserved a bill of exception.

Defendants then pleaded the general denial, but admitted at the same time that they do not claim to own or to be in possession of any portion of the land described in plaintiff's petition as the "Southerlin Claim," unless it be the 120 acres of land bought by respondent from M. L. Dismukes and H. C. Percy in the year 1890. They set up their deed to these 120 acres, and aver that they are in possession, and have been since their purchase in the year 1890. They called their vendors in warranty. They were accordingly cited.

The judge of the district court at first found that the action was neither possessory nor petitory, but that plaintiffs had a right of action for trespass, and to that extent maintained the action. This ruling was subsequently recalled, as we will see in a moment, and the whole action was dismissed as in case of nonsuit.

The warrantors appeared in answer to the citation, interposed an exception to plaintiffs' demand against them, and to the call in warranty. The exception is lengthy. It re-solves itself into challenging plaintiffs' right to stand in judgment upon any of the grounds set up in their petition.

The judge of the district court, when called upon in regular course of the proceedings to pass upon the exception of warrantors, recalled his ruling as above mentioned, setting aside defendants' exception, and nonsuited plaintiffs. From this judgment plaintiffs prosecute this appeal.

Plaintiffs, in their petition, do not pray for possession. The prayer fixes the character of the suit. It cannot be classed as possessory. The allegations in the petition do not amplify the prayer of the petition. There is no allegation setting up the right to possession, nor to be maintained in possession from which they have been disturbed or evicted. Code Prac. art. 6.

The action not being possessory, we are led to inquire whether it is petitory as now presented to the court by the petition.

We have noted that plaintiffs allege that they and their authors have been in possession since 1798, and that they are actually in possession.

The plaintiff in a petitory action must proceed against the person having the possession. Code Prac. art. 5. This being an essential, plaintiffs' allegation that they are in possession, and not the defendants, bars them from recovering in this action to the extent that it may be claimed that it is petitory.

The necessity of defendants' possession in a petitory action is referred to in one of the old decisions. It adheres to the plain terms of the above-cited article of the Code of Practice. Dreux v. Kennedy, 12 Rob. 502.

This leads us to inquire whether plaintiffs' action is the action of jactitation; that is, an action to force the defendant to sue, and to throw on him the burden of his assertion.

Plaintiffs have not alleged that defendants have slandered their title, nor do they ask for judgment for damages growing out of the fact that defendants have wrongfully and

maliciously claimed title to their property. Without a charge of slander of title, a plaintiff cannot maintain that action. Defendants are not called upon by plaintiffs to exhibit their title, if any they have, or else pay damages for the slander.

Under the allegations the defendants cannot be called upon to sue and assert whatever claims they may have, or to deny their slander.

If plaintiffs are in possession, then this action lies; if they are not, it does not. It follows, if defendants are in possession, the petitory action should be brought. Surely one or the other have civil or actual possession sufficiently marked to protect the property under some form of action.

With reference to trespass, there are averments that would go very far toward enabling parties plaintiff to sustain that action, although it is not strictly an action for trespass.

The greatest objection to that action arises from the fact that defendants have called their vendors in warranty, a call which was allowed by our learned brother of the district court. In the action of trespass such a call is not admissible. The defendants must answer for their own trespass, and cannot call in warrantors to assist them in their attempt to escape from the wrong they have committed, if they are guilty as charged.

The issue is one of title vel non. The question of trespass comes up, if at all, as an incident of the action, and not as the main cause of action.

Plaintiffs' allegation should not preclude the defendants from calling their vendors in warranty. This would be the effect were we to sustain their action as now brought.

Between plaintiffs and defendants there seems to be sufficient averments of trespass to enable plaintiffs to stand in judgment in such an action. From that point of view we would have to remand the case to be proceeded with as between plaintiffs and defendants.

We have concluded to remand it so that all issues may be decided. The interest of all parties will be thereby subserved. Each will the sooner find out the extent of his right. It is to the interest of all concerned that there be a limit to litigation.

We will state in passing on the plea of vagueness, interposed by the defense, that in either action—in jactitation or the possessory—the parties must designate the property by sufficient metes and bounds, by surveyor's line, by natural limits, by marks, or by reference to properties adjacent, as per the record, as will identify the property.

We have precedent for remanding the case. Recently a somewhat similar situation of affairs presented itself. We remanded the case for evidence upon the point similar to the one here, and instructed the court to render a judgment of nonsuit. Patterson et al. v. Landru et al., 112 La. 1069, 36 South. 857.

It is therefore ordered, adjudged, and decreed that the order of the district court dismissing the action as in case of nonsuit be set aside, and that this case be remanded to be proceeded with in accordance with the views herein expressed; that the parties be permitted to amend their pleadings.

Appellees to pay costs of appeal.

NICHOLLS, J., concurs in the decree.