LAND, J.
 

 Plaintiffs sue to recover of the defendants, Hill, Harris &.Co. and Nicholas H. Selby, in solido, the sum of $8,000, the manufactured value of 400,000 feet of timber alleged to have been cut and removed by defendants as cotrespassers from lands belong-, ing to plaintiffs in the parish of Grant in this state.
 

 Judgment was rendered in favor of plain-' tiffs in the sum of $1,699.4-2 against the defendants in solido, and the demand of Hill,.
 
 *884
 
 Harris & Co. against the Enterprise Lumber Company, Walter D. Hill, and Gus A. Voltz, under its call in warranty, was rejected at its costs.
 

 It is conceded that plaintiffs have legal and valid title to the lands from which the timber was cut out and removed by the defendants. These lands are described as the W.% of section 1, E.% of N.E.%, N.E.% of S.EU/i-, and lot 3 of'section 2, township 6 north, range 1 east, Grant parish, La.
 

 The real issue in the case is whether the defendants cut and removed the timber in question in good faith and must respond in damages only for the stumpage value, or whether defendants acted in legal bad faith and are liable for the manufactured value of the timber cut, less necessary expenses for its manufacture.
 

 Plaintiffs and defendants trace title from a common author, the Enterprise Lumber Company.
 

 On June 29, 1917, the Enterprise Lumber Company sold to J. B. Gillis “all pine timber being, lying and standing” on certain sections of land situated in the parishes of Rapides and Grant, not including lands owned by plaintiffs in sections 1 and 2, township 6 north, range 1 east in Grant parish.
 

 On November 10, 1919, the Enterprise Lumber Company sold to O. L. Hickman, trustee for plaintiffs, certain lands in the parishes of Rapides and Grant, including W.% of section 1, E.% of N.E.%, N.E.% of S.E.%, and lot 3 of section 2 in township 6 north, range 1 east, Grant parish.
 

 This sale was duly accepted by Okey L. I-Iickman,- trustee, in a notarial act of date December 1, 1-919, and the deed was duly recorded in the parishes of Rapides and Grant December 5, 1919.
 

 On Eebruary 10, 1920, the Enterprise Lumber Company sold to W. D. Hill and Gus A. Voltz “all pine timber standing, lying and being on all other lands situated in Grant and Rapides Parishes, located North of Red Riv,er
 
 and ovmed by Enterprise Limber Co. on June 29th 1917."
 
 This is the date of the deed from Enterprise Lumber Company to J. B. Gillis. This deed did not include timber on lands in sections 1 and 2 in township 6 north, range 1 east, Grant parish, owned by plaintiffs. Enterprise Lumber Company therefore owned these lands at the date of the Gillis deed, and the timber on them was included in the description in the deed from Enterprise Lumber Company to W. D. Hill and Gus A. Voltz, but had been sold by that company later to O. L. Hickman, trustee, on November 10,1919, after the date of the Gillis deed, and the deed to Hickman had been duly recorded in Grant parish December 5, 1919.
 

 On November 7, 1921, 1-Iill and Voltz sold to •Hill, Haas & Co. (now Hill, Harris & Co., one of the defendants) under the same description. This deed was not recorded in Grant parish.
 

 On July 7, 1924, Hill, Harris & Co. sold to Nicholas I-I. Selby, their codefendant, “all the remaining yellow pine timber purchased by the vendor
 
 in the name of its predecessor, the Hill, Haas &
 
 Go-.
 
 from the Enterprise Lumber Company,
 
 situated in the Parish of Grant, State of. Louisiana,
 
 as per act of sale executed by the Enterprise Lumber Company in favor of Hill, Haas <& Co., and of record m the office of the Recorder of said Parish of Grant,
 
 which said act of sale is by reference
 
 made part hereof and incorporated into this deed for the purpose of fuller and better description;
 
 the vendor transferring all of the yellow pine timber bought aforesaid
 
 by it from the Enterprise Lumb'er Company
 
 and still standing upon the lands described in said act of sale
 
 from the Enterprise Lumber Coinpany to said Hill, Haas & Company Inc."
 

 
 *886
 
 The Enterprise Lumber Company had sold no timber whatever to Hill, Haas & Co., and no such deed was of record in Grant parish, as Hill, Harris & Co., one of the defendants, well knew. Notwithstanding this fact, Hill, Harris
 
 &
 
 Co. pointed out to the defendant Selby, its vendee, the timber situated on sections 1 and 2, township 6 north, range 1 east, in Grant parish, belonging to plaintiffs, as having been conveyed by the last-mentioned deed by the Enterprise Lumber Company to their predecessor, Hill, Haas & Co. Whereupon Selby, without any investigation of his title, entered upon plaintiffs’ property and cut and manufactured into lumber 351,848 feet of timber.
 

 The pretended deed from the Enterprise Lumber Company to Hill, Haas & Co. is expressly annexed to and made a part of the deed from Hill, Harris & Co. to the defendant Selby, “for the purpose of fuller and better description.” Without this deed, it was not possible for Selby to locate the timber purchased by him from the defendant Hill, Harris & C.o.
 

 Had Selby made the necessary investigation of the records in Grant parish, he would have ascertained that his codefendant had no title whatever to the timber sold to him, but that the plaintiffs had a deed recorded in that parish to all of the timber conveyed to him by Hill, Harris & Co., his codefendant.
 

 Under this state of facts, we are forced to the conclusion that both of the defendants acted in legal bad faith in cutting and removing the timber in question from plaintiffs’ lands, and are liable in solido for its manufactured value, less necessary costs incurred in the manufacture.
 

 The trial judge has correctly found that the timber was manufactured into 351,848 feet of lumber, which sold for $20 per thousand feet f. o. b. cars at Antonia. ' He has deducted the cost for cutting, hauling to mill, manufacture, hauling to railroad, freight, and even for severance tax, thereby leaving a net value of $4.S4 per thousand feet, or a total sum of $1,699.42 due to plaintiffs. We find no error in the calculations made in the lower court, nor in the items of cost to be deducted. Nor do we find any error in the judgment of the lower court in the rejection ,of the demand of Hill, Harris
 
 &
 
 Co. against Enterprise Lumber Company, Walter D. Hill, and Gus A. Voltz, under its call in warranty.
 

 This is not a petitory action in which any of the defendants are evicted through the superior title of plaintiffs, but is clearly an action of trespass. If the owner is annoyed and his possession is infringed upon by a trespasser, his action may be for trespass, and he may in that connection exhibit his title, as plaintiffs have done in the present ease. In the action of trespass a call in warranty is not admissible. The defendants must answer for their own trespass, and cannot call in warrantors to assist them in their attempt to escape from the wrong they have committed. Bossier’s Heirs v. Jackson, 114 La. 707, 38 So. 525.
 

 Judgment affirmed.
 

 O’NIELL, C. J., concurs in the decree on the judgment allows only the stumpage value.
 

 OVERTON, J., recused.
 

 O’NIELL, C. J., and THOMPSON, J., dissent from refusal to grant a rehearing to Hill, Harris & Co.