44 So.2d 112

BLANCHARD et al. v. NORMAN–BREAUX LUMBER CO., Inc.

No. 39154.

Dec. 9, 1949.

Rehearing Denied Jan. 9, 1950.

———◆———

Leonard Greenburg, Houma, for plaintiffs and appellees.

Bauer & Bauer, Franklin, and Pettigrew & Duval, Houma, for defendant and appellant.

HAWTHORNE, Justice.

Plaintiffs-appellees, Howard J. Blanchard and Charles E. Tanner, alleging themselves to be the owners in indivision of a small tract of land having a width of 2.95 arpents by a depth of 25 arpents, situated on Bayou Black in the Parish of Terrebonne, instituted this suit against the defendant, Norman-Breaux Lumber Company, Inc., to recover damages for an alleged trespass and the cutting and removal of the cypress and tupelo gum timber from the northern or rear five arpents of the tract, containing approximately 12 acres.

Plaintiffs in their petition alleged that the defendant committed the trespass and cut and removed the timber in moral and legal bad faith, and prayed for judgment, among other things, for the manufactured value of the lumber produced from the timber so cut and removed.

Defendant in its answer admitted the cutting and removal of the timber from the northern five arpents of the tract, but denied the trespass and set up by way of defense that it owned the timber, and set out its chain of title thereto.

Defendant called its vendors in warranty. A rule to show cause why the call in warranty, included in, and made a part of, defendant's answer, should not be dismissed was made absolute by the district court, and accordingly the defendant was denied the right to call in warranty its vendors, the warrantors were never cited or made parties to this suit, and the case proceeded to trial between the plaintiffs and the defendant.

After trial on the merits, the lower court rendered judgment holding that defendant was in legal and moral bad faith and awarding damages to the plaintiffs for the manufactured value of the timber in the sum of $11,920.62. Defendant has appealed.

We have concluded that the district judge erred in refusing to allow defendant to call its vendors in warranty. These are the facts of this case insofar as they are pertinent to this decision:

On May 29, 1901, Marcus M. Levy conveyed to Dibert, Stark & Brown Cypress Company, Ltd., "all the timber" on the northern or rear five arpents of the tract now owned by plaintiffs. Subsequently the shareholders of this corporation acquired

all the property belonging to it in an act of transfer, liquidation, and dissolution of the corporation by deed recorded on December 23, 1938. On July 14, 1939, these shareholders conveyed by *warranty deed* to the defendant herein for a consideration of $80,-000.00 all the "standing and down cypress and tupelo gum timber suitable for manufacture into lumber", etc., on a large tract of land which included the northern five arpents of the plaintiffs' tract. This deed was recorded on July 25, 1939, C.O.B. 123, Folio 357 et seq., of the records of Terrebonne Parish. These were the vendors whom the defendant sought to call in warranty.

The right of a defendant to call its vendor in warranty in a case of this kind is granted in express and unequivocal terms in Articles 380 and 382 of the Code of Practice, which provide:

"380. When one is sued in eviction of an immovable property sold to him, * * * he shall be entitled to a delay, in order to have his warrantor made a party to the suit * * *."

"382. The defendant, wishing to call one in warranty, may, in his answer, pray the court to decree against his warrantor the same judgment which may be rendered against him on the principal action. Such prayer will be considered as a demand in warranty."

In the Civil Code, under Title VII, Chapter 6, Section 2, "Of the Warranty in Case of Eviction from the Thing Sold", "eviction" is defined in Article 2500 thus:

"Eviction is the loss suffered by the buyer of the totality of the thing sold, or of a part thereof, occasioned by the right or claims of a third person."

In this case the defendant will suffer the loss of the thing sold to it if the plaintiffs prevail, and the case therefore falls squarely within Articles 380 and 382 of the Code of Practice.

The plaintiffs-appellees, in support of the trial judge's ruling denying defendant the right to call in warranty its vendors who had conveyed to it by warranty deed, duly recorded, rely on the well established proposition of law that parties sought to be rendered liable as trespassers are not permitted to escape from the responsibilities consequent upon their acts by pleading in defense the authority of third persons, and they cite in support of this proposition the cases of Tourne et al. v. Lee et al., 8 Mart., N.S., 548, 20 Am.Dec. 260; Hood v. Stewart, 2 La.Ann. 219; Coco v. Hardie, 25 La.Ann. 230; Bossier's Heirs v. Jackson et al., 114 La. 707, 38 So. 525, and Hickman et al. v. Hill, Harris & Co., Inc., et al., 168 La. 881, 123 So. 606. None of these cases is pertinent to, or controlling of, the issues in this case for the reason that here the title to the timber, the ownership of which both parties' claim, is the primary issue, and the defendant is defending the title of a thing it has allegedly purchased by warranty deed. In the

cases of Tourne et al. v. Lee et al.; Hood v. Stewart; Coco v. Hardie, and Hickman et al. v. Hill, Harris & Co., Inc., et al., the defendants did not defend the trespass suit on the ground that they owned the property which was the subject of the alleged trespass. In the first three cases cited the defendants sought to defend the suit on the ground that the acts they had committed had been authorized by third persons whom they sought to call in warranty. The rulings in those cases, therefore, are absolutely sound, but have no application here. In the case of Hickman et al. v. Hill, Harris & Co., Inc., et al., the real issue was the measure of damages, and the opinion does not disclose that the defendants denied the trespass.

In the case of Bossier's Heirs v. Jackson et al., supra, this court disposed of the case by considering only the allegations and prayer of the plaintiffs' petition, and by this consideration concluded that the suit could stand as an action of trespass, and denied the defendants the right to call their vendors in warranty. Whether that decision was correct in that particular case is immaterial here; but what the court in that case apparently overlooked was the fact that the propriety of a call in warranty in a trespass case must be determined by the defense of the defendant and not by the petition of the plaintiff, and, if the defendant claims title to the property subject of the alleged trespass, he may call his vendors in warranty. A plaintiff, by alleging that a defendant is a trespasser, cannot have him classed as such, and, as such, denied the right to call his vendors in warranty to defend the title they have warranted.

In Vance v. Noel et al., 143 La. 477, 78 So. 741, 742, plaintiff instituted a partition suit against certain defendants. The defendants answered, denying any ownership in the plaintiff, set forth their acquisition, claimed title in themselves by deed recorded in the records of Caddo Parish, and called their vendor in this deed in warranty to defend the suit. Plaintiff moved to strike the call in warranty contained in defendants' answer, and the motion was granted by the lower court. The case went to trial on the merits, and there was judgment in favor of the plaintiff. The defendants then appealed. In the course of that opinion this court said:

"The order striking the call in warranty from the record was an interlocutory order, and the defendants' appeal therefrom at the termination of the suit was taken at the proper time.

"* * * Inasmuch as the ruling of the court has deprived defendants of the defense, or defenses, which their warrantor might have successfully made to the suit, the judgment will have to be reversed in its entirety."

What was said there is pertinent here. It is now necessary to reverse the judgment of the lower court in its entirety.

For the reasons assigned, the judgment appealed from is reversed and set aside, the call in warranty by defendant is reinstated, and the case is remanded to the lower court to be proceeded with according to law; appellees to pay all the costs of this appeal, the assessment of all other costs to await the final disposition of the case.

FOURNET, C. J., absent.