HERGET, Judge
(dissenting).
Plaintiff, James N. Stevens, instituted a redhibitory action against defendant, Daigle and Hinson Rambler, Incorporated on April 26, 1961 growing out of a purchase of a new 1961 Rambler super station wagon from Defendant. An answer was filed by Defendant denying liability to Plaintiff and calling in warranty its vendors, American Motors Corporation and American Motors Sales Corporation. On August 29, 1961 counsel for third party defendants, American Motors Corporation and American Motors Sales Corporation filed exceptions of no cause and no right of action to the third party demand. Defendant Daigle and Hin-son Rambler, Inc. on the 9 day of November, 1961 likewise filed exceptions of no cause or right of action to Plaintiff’s petition. A certified copy ,of the minutes of the court reveals that on' ‘October 27, 1961 the matter was “Assigned on the exceptions for Monday, November 6, 1961, * * It is apparent this assignment could have only been as to the exceptions filed by Third *109 Party Defendants as Defendant had not at that time filed its exceptions. The minutes further reflect that on November 6 “This matter was taken up on the peremptory exceptions to the 3rd party demand and call in warranty. The exception was argued and submitted to the Court on briefs to be filed, by exceptor on November 7, 1961 and by 3rd party plaintiff on November 10, 1961.” The certified copy of the minutes reveals that on December 6, 1961 the matter was “Assigned on the exceptions for Monday, December 11, 1961, A. J. Spedale to be notified.” Mr. Spedale being counsel for Defendant, this assignment apparently was on the exceptions filed by him heretofore referred to. The minutes further reflect that on December 11, 1961 the case was passed and reassigned for Monday, December 18, 1961. On December 18, 1961 according to the certified copy of the minutes: “This matter was taken up on the peremptory exceptions filed herein. The exceptions were argued by counsel and submitted to the Court. Whereupon, for oral reasons assigned the peremptory exception based on no cause of action filed herein by American Motorists and American Motorists Sales Corporation against the third party demands of Daigle & Hinson Rambler Company is maintained, and the third party demands against exceptor are dismissed. The peremptory exception based on no cause of action filed herein by Daigle & Hinson Rambler Company as to the demands of the plaintiff James N. Stevens is overruled.” It therefore appears on that date the matter was taken up on (1) the exceptions of no cause and no right of action filed by Defendant to Plaintiff’s petition, and (2) on the exceptions of no cause or right of action filed by Third Party Defendants to the original call in warranty demands of Third Party Plaintiff. On December 19, 1961 the minutes reflect judgment was signed and filed in accordance with the judgment rendered December 18, 1961. On September 13, 1961, prior to the decision of the Court on the exceptions filed by American Motors Corporation and American Motors Sales Corporation against the third party demands of Defendant, the Defendant filed a “Supplement and Amending Answer and Action against Third Party” alleging that Third Party Defendants, among other things, assumed all responsibilities and led Defendant to believe that the warranty from Defendant to Plaintiff was “ * * * no more no less, as that which existed between respondent and third party defendants.” A “Second Supplemental and Amending Answer and Action against Third Party” was filed by Daigle and Hinson Rambler, Inc. — Defendant and Third Party Plaintiff in this suit — on November 10, 1961 wherein Defendant and Third Party Plaintiff alleged facts on which it pled Third Party Defendants were es-topped from disclaiming liability of the claims asserted by Plaintiff against Defendant. No answer or any other pleading was filed by Third Party Defendants to either the first or second third party petitions filed by Defendant against them and there is no judgment in the record of the trial Court resolving the issues raised by Defendant and Third Party Plaintiff in said pleadings. On April 27, 1962 following a trial of the merits — in which trial American Motors Corporation and American Motors Sales Corporation did not appear inasmuch as the judgment on the exceptions to Defendant’s third party action had been sustained and they had been dismissed by the judgment referred to supra of date December 19, 1961 — judgment was rendered in favor of the plaintiff, James N. Stevens and against Daigle and Hinson Rambler, Inc., rescinding and setting aside the sale of the 1961 Rambler super station wagon for redhibi-tory defects and awarding Plaintiff judgment for the purchase price, together with legal interest thereon from date of judicial demand until paid and all costs. The minutes of May 17, 1962 reflect: “On motion of counsel for defendant an order of sus-pensive and in the alternative devolutive appeal from the judgment of May 14, 1962, and an order of devolutive -appeal from the judgment of December 19, 1961, were en *110 tered herein, returnable to the Court of Appeal, First Circuit, on July 13, 1962; the devolutive appeal bond and/or bonds being fixed at $250, and suspensive according to law.”
The appeals were timely lodged in this Court. On August 16, 1962 counsel for American Motors Corporation and American Motors Sales Corporation filed in this Court a motion to dismiss the appeal as to Third Party Defendants-Appellees predicated on the contention the judgment of the trial Court sustaining the exceptions of no cause or right of action signed on the 19 of December, 1961 dismissing the demands of Daigle and Hinson Rambler, Inc., Third Party Plaintiff, against movers was a final judgment and inasmuch as the delays provided by LSA-C.C.P. Article 2087 had tolled prior to the appeal of Defendant and Third Party Plaintiff this appeal should be dismissed as to Third Party Defendants.
From the record we have no way of knowing why the trial Court did not resolve the issues presented by Defendant and Third Party Plaintiff in the first and second supplemental petitions referred to; however, as there were no answers or other pleadings filed by Third Party Defendants to said pleadings and the record reflects no action by any counsel of record in the suit raising the issues in the trial Court, it is evident the trial Court properly gave no consideration to these supplemental and amending pleadings as issue was never joined either by the taking of a default by Third Party Plaintiff or by answer and assignment of the case by Third Party Defendants.
Furthermore, though with unadulterated diffidence I disagree with the view of the majority, I am of the firm opinion the judgment of the trial Court on the exceptions of no cause or right of action filed to Third Party Plaintiff’s call in warranty cannot be categorized other than an interlocutory decree, so that the appeal taken by Third Party Plaintiff upon the resolution of the issues finally on the merits was timely. Though under LSA-C.CP. Article 1111 concededly the right to call in warranty has been enlarged so that no longer is it essential that such be grounded on contract, nevertheless the principle remains the same that in the event the trial Court erroneously sustains the exception of no cause of action and thereby dismisses the call in warranty the result would be that the third party defendant would be denied an opportunity to make defenses against the original claim. I am of the opinion from the decisions in Perot v. United States Casualty Company, La. App., 98 So.2d 584 and Blanchard v. Norman-Breaux Lumber Co., 216 La. 551, 44 So.2d 112 that a dismissal of a call in warranty can only be categorized as an interlocutory order, in consequence of which, in fairness to the litigant making the call, upon final conclusion the call was improperly sustained by the trial Court and in fact the party had a right to call his warrantor in, conscience dictates a new trial should be ordered, thereby permitting the person called in warranty to present defenses, if any he might have, to the main demand. As a corollary to this rule, it is self evident the trial Court should not sustain an exception of no cause or right of action to the call in warranty unless such exception is obviously well founded.
Accordingly, I am of the opinion inasmuch as (1) the issues presented in the first and second supplemental third party petitions were never resolved by the trial Court and (2) the sustaining of the exceptions to the call in warranty was an interlocutory order, the ends of justice require that we reverse the judgment of the trial Court sustaining the exceptions of no cause and no right of action and dismissing Defendant’s, Third Party Plaintiff’s demands against Third Party Defendants and remand the case to the trial Court, thereby vesting it again with jurisdiction for the determination of all issues presented.
For these reasons I respectfully dissent.