FRED W. JONES, Jr., Judge.
Robert Mcllwain and Charlotte Mcllwain filed a possessory action against Manville Forest Products Corporation (“Manville”), asking “to be restored and maintained in possession” of certain immovable property situated in Caldwell Parish. Manville answered and reconvened, converting the proceeding into a petitory action. Manville then filed against Marilyn Hester Parker a third party demand, which pleading contained the following pertinent allegations:
“3
“Manville Forest Products Corporation alleges that it is in fact the record owner to said property in question. By Warranty Deed, Manville Forest Products Corporation acquired the property subject to this litigation and described in Paragraph 2 of plaintiffs’ petition from Marilyn Hester Parker by instrument dated and filed February 11,1981, under Clerk’s Registry No. 147462 and recorded in Conveyance Book 137, page 364 of the public records of Caldwell Parish, Louisiana.
‘4
“Marilyn Hester Parker, a resident of and domiciled in Franklin Parish, Louisiana, having warranted title to the property herein, should be made a party to this suit and Manville Forest Products Corporation now calls Marilyn Hester Parker as a Third Party Defendant herein so that she may defend Manville Forest Products Corporation’s title to the property and should Manville Forest Products Corporation be held liable to Petitioners herein, then Manville Forest Products Corporation is entitled to judgment against Marilyn Hester Parker for like amount.”
Mrs. Parker filed an “exception of no cause of action and no right of action” [1] directed at Manville’s third party demand. After a hearing, at which Mrs. Parker testified concerning her understanding of the import of her deed to Manville,[2] the trial judge concluded that Mrs. Parker did not intend to warrant title to the property conveyed by her to Manville. Consequently, a “judgment on exception of no right and no cause of action to third-party demand” was rendered, sustaining the exception and dismissing the third party demand. Manville appeals that judgment.
Finding that Manville’s third party demand states a cause of action against Mrs. Parker and that Manville has a right of action against the third party defendant, we reverse and remand.

No Cause of Action

The purpose of the peremptory exception of “no cause of action” is to test whether plaintiff’s allegations entitle it to any remedy whatsoever at law. For purposes of deciding this exception, all well-pleaded allegations of the petition must be taken as true. Any doubt as to the suffi *956 ciency of the petition must be resolved in favor of plaintiff. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); American Bank & Trust Co. v. French, 226 So.2d 580 (La.App. 1st Cir. 1969).
As pointed out in Steagall v. Houston Fire & Casualty Co., 138 So.2d 433 (La.App. 3rd Cir. 1962):
“... in passing on an exception of no cause of action, a plaintiff is not required to negate all statements of fact which might bar his own recovery but, rather, the exception must be overruled unless its allegations affirmatively establish that under no facts admissible under the allegations of the petition does he have a cause of action and unless its allegations exclude every reasonable hypothesis of facts other than those showing that the plaintiff cannot recover as a matter of law.”
In its third party demand Manville alleged that it acquired the property in dispute by warranty deed dated February 11, 1981 from Mrs. Parker and, by virtue of that instrument, made her a third party defendant. For the purpose of deciding the exception of no cause of action, that allegation with reference to the warranty deed must be accepted as true.
Louisiana Code of Civil Procedure Article 1111 expressly provides, in pertinent part, that “the defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.” Also see La.Civil Code Article 2506; Blanchard v. Norman Breaux Lumber Co., 216 La. 551, 44 So.2d 112 (1949).
There is no question, then, but that Man-ville has stated a cause of action in its third party demand against Mrs. Parker. Consequently, the trial judge should have overruled the exception of no cause of action.

No Right of Action

Since it is concluded that Manville’s third party demand states a cause of action, the next question is whether the remedy afforded by law can be invoked by this particular plaintiff. An exception of “no right of action” is the appropriate vehicle for raising that issue. Holzhauser v. Fagan, 363 So.2d 1232 (La.App. 4th Cir. 1978); Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977).
It was noted in Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir. 1967), that:
“The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit ...”
Manville alleged in the third party demand that it was the record owner of the disputed property under the warranty deed from Mrs. Parker. Manville’s status as owner of the property was not questioned by Mrs. Parker in her exception of no right of action. Clearly, therefore, Manville is the proper party to call Mrs. Parker in warranty and, consequently, has a right of action against her.
Mrs. Parker’s testimony at the hearing on the exceptions, concerning her understanding of the deed she executed to Manville covering the disputed property, was inadmissible in connection with the exception of no cause of action. Of course, evidence of this character may be admissible when offered to support appropriate allegations positing affirmative defenses to third party demands of this nature.
The trial judge should have overruled this exception also.

Decree

For the reasons assigned, the judgment of the trial court sustaining third party defendant’s exceptions of no cause and no right of action is reversed and set aside and the exceptions are overruled. The case is remanded to the trial court for further proceedings consistent with the views expressed herein. Third party defendant-ap-pellee is cast with the cost of this appeal.

. Louisiana does not have an exception of “no cause of action and no right of action.” These are separate exceptions under Articles 927(4) and 927(5) of the La.Code of Civil Procedure.

. This evidence was presumably admitted in connection with the exception of no right of action, since “no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.” La.C.C.P. Art. 931.