EASTERN DIST.
*April,* 1838.

EARLY *vs.* BLACK.

EARLY
*vs.*
BLACK.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The sheriff's sale, under execution, of a judgment pending on a devolutive appeal, is not the sale of a litigious right, which is forbidden by law. The Code, article 2622, speaks of conventional transfers and sales, and not an adjudication by a public officer.

The article 2624, No. 2, of the Louisiana Code, authorizes the transfer of a litigious right from a debtor to his creditor, and it is excepted from the operation of article 2622.

This case comes up on a rule taken by the present plaintiff in the nature of an injunction to prevent the defendant from enforcing a judgment and execution against Early and Amelung, which he purchased at sheriff's sale.

The facts of the case show, that one Samuel Chapman obtained a verdict and judgment against Early and Amelung, the 17th of May, 1837, for the sum of seven thousand one hundred dollars. A devolutive appeal was taken to the Supreme Court on the 30th of August, following.

In the meantime, F. C. Black obtained a judgment against Samuel Chapman, upon which execution issued and was levied on his judgment against Early and Amelung, and on the 30th of September, 1837, it was sold at public auction by the sheriff, and Black purchased it in for five thousand one hundred dollars.

Black then caused execution to issue on this judgment against Early and Amelung, for the entire sum of seven thousand one hundred dollars, and was proceeding to the seizure of property, when the present rule was taken against him.

This rule was taken by John D. Early, one of the defendants in said judgment, on Black requiring him to show cause if this judgment was not a litigious right, being a suit still in contestation in the Supreme Court.

2. That being a litigious right, execution should only have issued for the amount at which it was adjudicated to him, to wit : the sum of five thousand one hundred dollars.

3. The execution should be returned satisfied, on the defendant's therein paying to Black the real price for which he purchased the judgment.

On hearing the arguments of counsel on this rule, the district judge made an order discharging it, from which the plaintiff in the rule appealed.

*G. B. Duncan,* for the appellant.

*Strawbridge, contra.*

*Martin, J.,* delivered the opinion of the court.

Black, a judgment creditor of Chapman purchased at a sheriff's sale, a judgment which the latter had obtained against Early and Amelung, who had taken a devolutive appeal thereon, which was not acted upon. Early and Amelung obtained a rule on Black, to show cause, why the execution on the judgment of Chapman should not be returned satisfied, on payment of the sum for which Black had purchased Chapman's claim. The rule was discharged, and they appealed.

*The sheriff's sale of a judgment, pending on a devolutive appeal, under execution, is not the sale of a litigious right which is forbidden by law. The code, article 2622, speaks of conventional transfers and sales, and not an adjudication by a public officer.*

Relief was claimed, on the ground, that the appellee had purchased a litigious right, and the District Court was of opinion, that " the article 2622 of the Louisiana Code, relied on, was not applicable to the present case. The transfer spoken of in that article, was a conventional assignment, between individuals capable of contracting. The defendant in the rule holds this judgment by a different title ; an adjudication by a public officer, at a forced sale, made by order of a competent tribunal : by this adjudication, all the rights and claims of the plaintiff in the suit, by virtue of the judgment against Early and Amelung, were vested in Black." *Code of Practice,* 690. 7 *Martin, N. S.,* 228. 4 *Louisiana Reports,* 395.

*The article 2624, No. 2, of the Louisiana Code, authorizes the transfer of a litigious right from a debtor to his creditor, and is excepted from the operation of article 2622.*

The counsel of the appellee has drawn our attention to the article 2624, No. 2, which provides, that the article 2622

is not applicable to a transfer of a litigious right, made to a creditor of the transferrer.

EASTERN DIST.
*April,* 1838.

It does not appear to us that the District Court erred.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.