## M. and B. Mullen & Co. *v.* Amas and Roe.

Where an attorney at law purchases a judgment which is pending on appeal, it will be regarded as a litigious right, and the purchase declared void.

APPEAL from the District Court of Madison, *J. N. T. Richardson*, J. Stockton and *Steele*, for plaintiffs. *A. Snyder*, for appellant. The judgment of the court was pronounced by

Slidell, J. Under a *fieri facias* issued against *Amas* and *Roe*, the defendants in this cause, certain lands were seized as their property. *A. R. Hynes* became the purchaser at sheriff's sale, at the price of $3,800, and directed the sheriff to credit his bid upon the *fieri facias*. Afterwards, *Hynes* took a rule upon *M.* and *B. Mullen & Co.*, to show cause why his bid should not be credited as cash upon the execution, and why he should not be decreed to be subrogated to all the rights accruing under said judgment. These pretensions of *Hynes*, rest upon an alleged sale, made at auction, to one *Devereux*, in the insolvent proceedings of *Kervan*, a member of the firm of *M.* and *B. Mullen & Co.*, which was composed of three partners. The defendants in the rule, resist the application of *Hynes*, alleging, in their answer, that the claim, when purchased by *Hynes*, was a litigious right, which, he being an attorney at law, was incapable of purchasing; that any apparent interest held by *Devereux*, was held by him as a trustee, for the benefit of their firm; and that *Devereux* was induced to sell *Hynes* the judgment, by his representation, as to its value.

The district judge considered the purchase by *Hynes* void, upon the ground, that it was the purchase of a litigious right by an attorney at law, there being an appeal by *Amas* and *Roe*, pending at the time. His decree annulled the sale, and directed that the five hundred dollars, the price paid by *Hynes* to *Devereux*, be credited on the bid made by *Hynes*, at the sheriff's sale. *Hynes* has appealed.

Considering the nature of the claims sold, the possession of the purchaser, who was also attorney of record for *Amas* and *Roe*, and his representations as to the value of the claim, as testified by *Devereux*, we are of opinion that the appellant is not entitled to a reversal of the judgment. See *Copley* v. *Lambeth*, 1st Ann. 317. C. C. 2422, 2624, 1841.

MULLEN
v.
AMAS.

It is said, that in consequence of the previous insolvency of *Kervan*, M. and B. *Mullen & Co.* were incompetent to bring suit against *Amas* and *Roe*, and stand in judgment. We are by no means prepared to say, that *Amas* and *Roe* could now make any such objection to the judgment. But, at any rate, the alleged irregularities do not concern the plaintiff in this rule. As an actor, he must rely on the strength of his own title, and not on the weakness of his adversaries. Moreover, in asking a subrogation, he has affirmed the judgment. So, also, the appellant is not competent to raise questions in this proceeding, which concern the creditors of M. and B. *Mullen & Co.* That their interests have been disregarded and violated by the defendants in rule, there is strong reason to believe. But those creditors, if such be the case, will have an equitable right to claim the benefit of this large judgment against *Amas* and *Roe*, as an asset of their debtors; while, on the contrary, the success of the appellant would be hostile to their interests. The decree of the district judge has reached the justice of the case, so far as it was in his power to do so under the rule; and it is therefore affirmed, the appellant to pay the costs of the appeal.