(78 South. 741)

No. 23003.

VANCE v. NOEL et al.

(April 29, 1918. Rehearing Denied May 27, 1918.)

*(Syllabus by the Court.)*

1. COVENANTS ☞88—DISTURBANCE IN POSSESSION—REMEDY.

Owners of real property who are disturbed in possession thereof may call their vendors in warranty.

2. COVENANTS ☞88 — BREACH — CALL IN WARRANTY.

Although a partition proceeding may be summary, the defendant has a right to call his vendors in warranty when his possession of the entire property is disturbed.

3. APPEAL AND ERROR ☞1178(1)—DISPOSITION OF CASE — STRIKING CALL IN WARRANTY.

An interlocutory order striking the call in warranty made by the defendants from the record will be set aside, and the case will be remanded for trial.

*(Additional Syllabus by Editorial Staff.)*

4. APPEAL AND ERROR ☞70(1) — APPEAL FROM INTERLOCUTORY ORDER—TIME.

Defendant's appeal from an interlocutory order, striking the call in warranty from the record, taken at the termination of the suit, was taken at the proper time.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Suit for partition by Samuel W. Vance, curator of James Washington Vance, an interdict, against W. E. Noel, Jr., and others, in which defendants called W. F. Taylor Company, Incorporated, in warranty. Judgment for plaintiff, and from an order dismissing the call in warranty and overruling exceptions of no cause of action, etc., defendants appeal. Judgment reversed that the call in warranty be reinstated and that the suit proceed in accordance with law.

Herndon & Herndon, of Shreveport, for appellants. Barret & Files, of Shreveport, for appellee.

SOMMERVILLE, J. Samuel W. Vance, the curator of his brother, James Washington Vance, an interdict, brought this partition suit against the defendants, alleging that his ward and the defendants were owners in indivision of the property described in the petition, and he asked that the same be partitioned in kind. The defendants answered, denying part ownership in the plaintiff, and also part ownership by themselves; but in a subsequent paragraph they "aver that your respondents acquired said property for a valuable consideration from the W. F. Taylor Company, Incorporated, which will more fully appear by reference to a deed recorded in the recorder's office of Caddo parish, La.," and they asked that W. F. Taylor Company, Incorporated, be called in warranty to defend the suit. The validity of plaintiff's and defendants' titles were put at issue.

The plaintiff, alleging "that this is a summary proceeding, and that defendants had no right or authority to make the call in warranty herein, move the court to strike the same from the answer herein, and that the order allowing same be recalled and rescinded." The order to strike out was granted.

There was judgment in favor of plaintiffs,

ordering the partition prayed for, and defendants have appealed from the order dismissing the call in warranty, on the ruling of the court overruling their exception of no cause of action, and from the ruling of the court admitting a certain document in evidence.

[1, 2] Partition suits are to be tried in a summary manner. By "summary" "is always meant with the least possible delay and in preference to the ordinary suits pending before" the judge. Civ. Code, art. 1328. But the law does not say or mean that a defendant shall be deprived of any of his rights in summary proceedings.

The Civil Code provides (article 2517):

"The purchaser threatened with eviction, who wishes to preserve his right of warranty against his vendor, should notify the latter in time of the interference which he has experienced.
"This notification is usually given by calling in the vendor to defend the action which has been instituted against the purchaser."

And article 2518 provides that:

"In the absence of this notification, or if it has not been made within due time, that is, in time for the vendor to defend himself, the warranty is lost; provided, however, that the vendor shall show that he possessed proofs, which would have occasioned the rejection of the demand, and which have not been employed, because he was not summoned in time."

It was therefore defendants' privilege, as well as their duty, to notify their vendor and to call upon it to defend the action which had been instituted against them by this plaintiff.

Such call in warranty could not have had the effect of depriving plaintiff of what the law terms a summary trial of his partition suit.

[3] The Code of Practice, in article 165, par. 4, says:

"In matters relative to warranty, they must be carried before the court having cognizance of the principal action in which demands in warranty arise."

And, these demands in warranty must be disposed of at the time when the suit is disposed of on its merits.

It was error, therefore, in the trial judge to strike out the call in warranty filed by defendant and to proceed with the trial of the cause in the absence of the warrantor duly notified and cited, and the case will have to be remanded for a new trial. The warrantor has not appealed from the judgment. It appears to be satisfied with the order dismissing it from the suit. But the defendants have appealed, by motion, in open court, and all parties were made appellees who are not appellants.

[4] The order striking the call in warranty from the record was an interlocutory order, and the defendants' appeal therefrom at the termination of the suit was taken at the proper time.

There was judgment in favor of plaintiff and against defendants on the merits of the case, from which judgment defendants have appealed. Inasmuch as the ruling of the court has deprived defendants of the defense, or defenses, which their warrantor might have successfully made to the suit, the judgment will have to be reversed in its entirety.

It is therefore ordered, adjudged, and decreed that the judgment appealed from herein, be annulled, avoided, and reversed, that the call in warranty made by defendants be reinstated, and that this suit be proceeded with in accordance with law.

Costs of appeal to be paid by plaintiff.