88 So.2d 17

William F. GLADNEY

v.

Sidney F. WEBRE and Mrs. Mamie H. Webre.

No. 42319.

May 7, 1956.

W. Frank Gladney, Baton Rouge, Joseph A. Loret, Baton Rouge, of counsel, for plaintiff-appellant.

Franz Joseph Baddock, Baton Rouge, for defendants-appellees.

PONDER, Justice.

In this case the plaintiff is seeking under ordinary proceedings to foreclose on a mortgage given in security of a promissory note. The defendants interposed an exception of vagueness based on the ground that while the plaintiff alleges that he acquired the note for value before maturity in the due course of business, that C. A. Tyler had previously sued the defendants on this same note claiming to be owner for valuable consideration before maturity alleging that the note was past due and in default. In answer to the exception of vagueness, the plaintiff averred that the Tyler suit was dismissed as of nonsuit on February 2, 1954, prior to the acquisition of the note by plaintiff on March 20, 1954, and that even though he acquired the note after maturity that Tyler had acquired it prior to maturity and that the plaintiff is, therefore, invested with all the rights of Tyler, a holder in due course.

The defendants answered the suit averring that the notes were given without consideration and that their signatures were procured through fraud, trick, and artifice on the part of the plaintiff and that the allegations of plaintiff that he is the holder and owner for value and before maturity in due course of business of the described notes, are false and untrue by virtue of the plaintiff's allegations in his answer to the exception of vagueness.

After the answer was filed, the defendants interposed an exception of no cause or right of action based on the ground that the plaintiff, an attorney, has in effect admitted by his answer to the exception of vagueness that he acquired a litigious right from C. A. Tyler in express violation of Article 2447 of the LSA–Civil Code. On hearing the district court sustained the exception of no cause or right of action and dismissed the plaintiff's suit. The plaintiff has appealed.

The appellant contends that the trial court erred in holding that he had purchased a litigious right and that the executory process filed by Tyler was a suit which was still pending even though it had been voluntarily dismissed by Tyler and the note sued upon was withdrawn. While, on the other hand, the appellees contend that the suit was still pending at the time the note sued upon was purchased because the time for an appeal from the judgment of nonsuit had not elapsed.

It, therefore, must be decided whether the purchase of the note by the appellant at a time when the right to an appeal existed was the purchase of a litigious right within the contemplation of Article 2447, LSA–C. C. This article of the Civil Code provides that "Public officers connected with courts of justice, such as judges, advocates, attor-

neys, clerks and sheriffs, can not purchase litigious rights, which fall under the jurisdiction of the tribunal in which they exercise their functions, under penalty of nullity, and of having to defray all costs, damages and interest." A right is said to be litigious, according to Article 2653 of the LSA–Civil Code, whenever "there exists a suit and contestation on the same." And it is said in Article 3556(18) that litigious rights are those "which can not be exercised without undergoing a lawsuit."

■ From a reading of the cases involving the sale of litigious rights, it becomes apparent that there must be an existing suit for the enforcement of the right for it to be litigious. See Bluefields S. S. Co. v. Lala Ferreras Cangelosi S. S. Co., 133 La. 424, 63 So. 96. A title ceases to be litigious when final judgment is rendered, Saint v. Martel, 122 La. 93, 47 So. 413. But where an attorney purchases a judgment which is pending on appeal, it will be regarded as a litigious right. Mullen v. Amas, 7 La.Ann. 71.

In the case of State v. Nix, 135 La. 811, 66 So. 230, 232, an attorney purchased a judgment a few hours after it was rendered by the Supreme Court of this State and prior to the expiration of the delays for the filing of an application for rehearing. The Court held in that case that it was the purchase of a litigious right in violation of Article 2447 of the LSA–Civil Code. Prior decisions were cited therein with approval, wherein it was stated: "The Code from motives of public policy, prohibits attorneys at law from purchasing litigious rights."

In the case of Denton v. Willcox, 2 La. Ann. 60 it was pointed out that the purchase of a judgment by an attorney from which no appeal could be taken was not the purchase of a litigious right. However, in the present case the right of appeal from the judgment of nonsuit existed at the time the appellant purchased the note.

■ A judgment of nonsuit is a final judgment from which an appeal lies. Code of Practice, art. 565; Baldwin v. Arkansas-Louisiana Pipe Line Co., 185 La. 1051, 171 So. 442 and the authorities cited therein.

■ It would appear that a suit is pending as long as any steps may be taken therein or as in the present case until the time for taking a devolutive appeal has elapsed.

For the reasons assigned, the judgment is affirmed at appellant's cost.