98 So.2d 584 (1957)
Myrtle Y. PEROT et al., Plaintiffs-Appellees,
v.
UNITED STATES CASUALTY CO. et al., Defendants-Appellants,
Lumbermens Mutual Casualty Co. et al., Third Party Defendants-Appellees.
No. 8755.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1957.
Rehearing Denied November 26, 1957.
Writ of Certiorari Denied January 9, 1958.
*587 Cook, Clark, Egan, Yancey & King, Shreveport, Gahagan & Gahagan, Natchitoches, Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, for appellants.
Watson & Williams, Natchitoches, for plaintiffs-appellees.
Brown, Browne & Bodenheimer, Shreveport, for third-party defendants-appellees.
AYRES, Judge.
This is an action for damages for the alleged wrongful death of John Wilmer Perot as the result of an automobile-truck collision near the intersection of Front Street and U. S. Highway No. 71 in Campti, Louisiana. The plaintiffs are the deceased's surviving widow and his surviving major daughter. Made defendants are Albert A. Raphiel, the owner and operator of a Packard car in which Perot was a guest passenger, and his insurer, the Great American Indemnity Company, as are G. W. Sims, the owner of the truck involved, M. L. Voner, Sims's agent and driver of the truck, and Sims's insurer, the United States Casualty Company.
Plaintiffs alleged that the collision and the damages caused thereby were the result of the joint and concurrent negligence of Voner, Sims and Raphiel. It appears that in a separate suit Raphiel claimed damages for injuries received by him in the same accident, and named as defendants G. W. Sims, M. L. Voner and the United States Casualty Company. The two cases were consolidated for the purpose of trial and tried before the same jury.
Simultaneously with answering plaintiffs' petitions, Sims, Voner and the United States Casualty Company filed a third-party petition in each case, seeking to implead as third-party defendants Martin Timber Company, Inc., Roy O. Martin Lumber Company, Inc., and the Lumbermens Mutual Casualty Company as the insurer of both, on the theory that Martin Timber Company, Inc., owned the trailer attached to Sims's truck, and that the trailer was insured by the Lumbermens Mutual Casualty Company, and that in the operation of the combined unit in hauling lumber between Castor and Alexandria Voner was agent of and acting under instructions from the Martin companies. To these petitions the third-party defendants filed an exception of no cause and of no right of action, which was sustained and judgment rendered and signed June 10, 1957, rejecting and dismissing the demands of the third-party plaintiffs at their cost.
The two cases then proceeded to trial as against the original defendants. The jury returned a verdict in the instant case of $40,000 in favor of Mrs. Perot and for $1,371.74 in favor of the major daughter against all the defendants, in solido, including Raphiel. In the Raphiel case, the record discloses that the jury returned a verdict for $5,000 in his favor.
Motions for new trial were filed and urged by all defendants. The motion in the Raphiel case was sustained and a new trial ordered, but in the Perot case, which is now before us on appeal, the motion was overruled, and after a remittitur of $15,000 was entered on behalf of Mrs. Perot, judgment was signed June 27, 1957, in her favor for the principal sum of $25,000, and in favor of the daughter for $1,371.74. From this judgment, the defendants have appealed. Mrs. Perot, in answer to the appeal, prays that the award in her favor be increased to the amount of the jury verdict.
The third-party defendants have, out of an abundance of precaution, moved that the appeal, if any were taken as to them, be dismissed. It is their position that no appeal was taken from the judgment sustaining the exception of no cause and of no right of action; that appellants' motion for *588 orders of appeal on June 27, 1957, after the rendition and signing of the judgment on the merits, did not indicate any intention on appellants' part to appeal other than from that judgment.
The action taken is shown by the minutes of the court. The motion for orders of appeal and the order granting such appeal are entered immediately following the signing of the judgment on the merits. The application and order refer to a single judgmentthe word is in the singular. Moreover, the appeal bond filed by appellants makes reference to an appeal from a judgmentnot judgmentsand the amount of the bond, $40,000, is clearly indicative of the intent to appeal from the judgment rendered on the merits and not from the judgment sustaining an exception of no cause of action. There was no intent shown in the motion for orders of appeal to appeal from the judgment sustaining the exception. Defendant neither prayed for nor did the order grant such an appeal. Nor was a bond filed to support such an appeal.
Defendants contend, however, that the judgment was interlocutory and that the ruling sustaining the exception could only be urged by appeal from a final judgment as on the merits. In support of this position are cited Blanchard v. Norman-Breaux Lumber Co., Inc., 216 La. 551, 44 So.2d 112, and Vance v. Noel, 143 La. 477, 78 So. 741. These cases pertain to a defendant's right to call his vendor in warranty when he is threatened with or sued in eviction. Civil Code Practice Arts. 380, 382; LSA-C.C. Arts. 2508, 2517, 2518. In such instances, the defendant is entitled to the benefit of any defense which his vendor might successfully make to the suit. Therefore, an order striking defendant's call in warranty from the record, as was done in the cases cited, was an interlocutory order. Thus the issues presented by the ruling thereon were preserved by an appeal from the final judgment entered at the termination of the action in the trial court.
We do not view the situation of the cited cases as comparable to the situation here. It is well established in the jurisprudence of this State that a judgment sustaining an exception of no cause or right of action is a definitive judgment, subject to appeal. Nicholls v. Maddox, 52 La.Ann. 496, 26 So. 994; Interstate Electric Co. v. Interstate Electric Co. of Shreveport, Inc., La.App., 6 So.2d 39.
Even a judgment of non-suit is a final judgment, from which an appeal lies. Gladney v. Webre, 230 La. 175, 88 So.2d 17; Vicksburg, Shreveport & Pacific Railroad Co. v. Scott, 47 La.Ann. 706, 17 So. 249; Baldwin v. Arkansas-Louisiana Pipe Line Co., 185 La. 1051, 171 So. 442; Cardino v. Scroggins, 190 La. 53, 181 So. 810.
It was held in State ex rel. Ikerd v. Judge of Eighth District Court, 35 La.Ann. 212, that a judgment sustaining defendant's exception in part and dismissing part of the petition and prayer is final and appealable, though plaintiff continues the prosecution of the rest of the case, and in Gerald v. Standard Oil Co. of Louisiana, La.App., 10 So.2d 409, it was held that a judgment dismissing a suit as to two defendants on an exception of no cause or right of action was an appealable final judgment, notwithstanding an exception filed by another defendant was referred to the merits.
The judgment sustaining the exception of no cause or right of action filed by the third-party defendants disposed of the whole case as between third-party plaintiffs and third-party defendants and is, therefore, a final judgment (Code Prac. Art. 565) which is appealable as a matter of right, but from which, as we have heretofore shown, third-party plaintiffs did not appeal.
The action taken by defendants as third-party plaintiffs is governed by LSA-R.S. 13:3381 et seq., which pertains to third-party practice, not as to a call in warranty under the cited Codal provisions nor by the statute as pertains to a call in warranty but by the aforesaid statute as it pertains to joint tort feasors and to the *589 right of those made defendants to contribution from those sought to be made third-party defendants. A distinguishing feature of this character of action is that the defendant is not necessarily entitled to assistance in its defense by the party called, as is the case in the matter of a call in warranty, but that the defendant is entitled to contribution from such third-party defendant after defendant's liability is fixed. Although the most expeditious and preferable manner of determining such issues may be in a single action, the statute in that regard is only permissive. There is no absolute requirement that the right to contribution as between joint tort feasors must be determined in the original action.
Defendant's failure to implead in the original action the parties from which contribution is later sought does not necessarily prejudice defendant's rights. The statute (LSA-R.S. 13:3383) provides that a defendant who does not bring in as a third-party defendant any person who is liable to him for all or part of a principal demand does not on that account lose the right to recover on the obligation from such person unless the latter proves that he has means of defeating the action which were not used because the defendant either failed to bring him in as a third-party defendant or neglected to apprise him that the suit had been brought. Therefore, it is obvious that, inasmuch as the parties sought to be made third-party defendants have been excluded from the action on their own motion, they would be precluded and estopped from urging the only means provided in the statute by which they might escape liability, provided, of course, the facts warrant the application of the provisions of the statute as to contribution. In such a situation, it is inconceivable how defendants' rights to contribution, if such rights they have, have been prejudiced by the course pursued, particularly in view of the fact they still have the right to timely appeal from the judgment sustaining the exception and dismissing third-party defendants from the action. The defendants, therefore, have suffered no irreparable injury, loss or damage. Nevertheless, we are of the opinion no appeal was taken from the judgment sustaining the exception of no cause or right of action and that the parties sought to be made third-party defendants are not before the court.
Defendants next contend that the verdicts in the two cases are inconsistent in that in the Perot case, Raphiel was held guilty of negligence and condemned in damages along with the other defendants, while in his own case he was exonerated of any fault and awarded damages in his favor. For that reason, it is urged that a new trial should have been granted in this case, as was done in the Raphiel case. Defendants contend, "Obviously, the trial judge was of the opinion that the verdict which the jury returned in Mr. Raphiel's case was contrary to the law and the evidence, because he ordered a new trial therein. Since the judge recognized that the jury erred in one case, he should have ordered a new trial in both cases". We fail to comprehend defendants' logic that while the court considered one verdict erroneous, it necessarily follows that the other verdict is likewise erroneous.
While the verdicts, at first blush, may appear inconsistent, they are not necessarily so. For example, Raphiel may have been negligent and his negligence may have contributed to the accident, resulting in the death of his guest passenger, but, as between Raphiel and Voner, Voner may have had the last clear chance to avoid the accident and, not having done so, he, and those for whom he was acting, would be liable to Raphiel for the injuries sustained by him, notwithstanding Raphiel's own negligence.
Defendants further complain, however, that the trial judge expressly recognized that the verdict was excessive and that instead of ordering a remittitur he should have granted a new trial. In support of this proposition, among other authorities cited, is Burt v. Shreveport Ry. Co., 142 *590 La. 308, 316, 76 So. 723, 726, wherein, after reviewing the law and jurisprudence on the subject, the Supreme Court stated:
"It is, no doubt, true that the trial judge cannot compel a plaintiff in whose favor a verdict has been given to enter a remittitur, but it is equally true that the plaintiff is at liberty to enter the remittitur if he thinks proper, and, if he be given to understand that the judge considers the verdict excessive but will enter judgment for a smaller amount, he has the option of accepting such amount, or taking his chance in a new trial and possible appeal. If that be considered compulsion, it is only such compulsion as the judge has the right to exercise, since one of the purposes of his sitting, in this state, is to see that verdicts are neither excessive nor inadequate."
The action taken in granting a remittitur was clearly advantageous to defendants. They have no valid reason to complain.
Finally, defendants contend the judgment on the merits was erroneous for the reasons, (1) that Raphiel is guilty of negligence constituting the sole proximate cause of the accident; (2) that the judgment in favor of Mrs. Keyser, major daughter of the decedent, is unauthorized; (3) that the judgment sustaining the exception of no cause or right of action to the third-party plaintiff should be reversed; (4) that the judgment against G. W. Sims is unauthorized, and (5) that the judgment in favor of Mrs. Perot is excessive.
In discussing these issues in the order enumerated, we find that the first presents purely factual questions and entails at least a brief discussion of the evidence as to the cause of the accident. A resume of the facts appears sufficient. The record discloses that on the afternoon of January 23, 1957, about 4:10 p. m., John Wilmer Perot was killed in a collision occurring just south of the intersection of Front Street and U. S. Highway No. 71 in Campti, Louisiana. Perot was a guest passenger in the Packard automobile of Albert A. Raphiel, who was the driver. They lived near each other in the same section of the town and were en route home, traveling north on the aforesaid highway at 30 to 35 miles per hour, when they were overtaken on a curve by an obviously faster moving two-ton Chevrolet truck and trailer combination, having an estimated speed of from 40 to 45 miles per hour, and heavily loaded with lumber said to weigh 12 to 15 tons.
The highway at this point was of the usual width of about 22 feet, with shoulders approximately seven feet wide. Down the center of the highway were two yellow lines not only designating the area as a danger zone for the passing of vehicular traffic but giving notice that such passing was prohibited. Notwithstanding the aforesaid curve in the highway, the existence of the yellow stripes in the center thereof, and that the truck and trailer combination, although heavily loaded, was traveling at a speed in excess of the lawful rate provided by ordinance of the town, and that the trailer was not equipped with brakes due to a differing braking system which could not be connected to the system on and operated from the truck, the driver of the truck steered his vehicle toward the left lane of traffic to begin a passing movement, but evidently on seeing Raphiel turn on his blinker lights, indicating an intention to make a left turn at the intersection some distance ahead, Voner then veered his vehicle back to the right and, due to his lack of brakes, heavy load and speed, was unable to properly control his movements and struck the left rear of the Packard automobile at a distance variously estimated from 60 to 100 feet south of the intersection, whirling the car around, carrying and dragging it approximately 120 feet forward and turning it over.
Voner testified that when he realized he could not execute his passing movement, he suddenly remembered that *591 the trailer was without brakes and that although he had no alternative other than steer to the right, he could not apply his brakes for fear that the unit would jackknife and, therefore, he was unable to avoid striking the Raphiel car. From these facts, it could only be concluded that Voner's negligence constituted a proximate cause of the accident.
Nevertheless, defendants contend that Raphiel was negligent in attempting a lefthand turn without first ascertaining and making certain that such maneuver could be made in safety. The record does not support this contention. Defendants primarily rely upon the physicians' and coroner's reports, in which a brief but casual statement as to the accident was incorporated, which statements are to the effect that the Raphiel car was struck from behind by the truck as Raphiel was attempting a left turn. In view of the positive testimony that Raphiel had only begun blinking his lights, indicating an intention to make a turn, without having left his righthand lane of traffic, we do not attach to the statements the importance that defendants would have us do. They are far from convincing in view of the preponderance of the evidence exonerating Raphiel of any negligence in connection with the accident. The conclusion, therefore, necessarily follows that the negligence of Voner was the sole and proximate cause of the accident.
We are, however, in accord with defendants' second contention that the judgment in favor of the major daughter of the decedent is unauthorized. Under LSA-C.C. Art. 2315, the right of survival of action in cases of death accrues to major children only in those cases where there is no surviving spouse or minor child or children. We are nonetheless of the opinion, where damage has been done to an estate, compensation for such damage would only accrue to the estate and be recoverable by its representative or by those who have succeeded to the succession. Keith v. Royal Indemnity Co., La. App., 90 So.2d 534. Even under the holdings of the Court of Appeal for the First Circuit in Young v. McCullium, 74 So.2d 339, and Guidry v. Crowther, La.App., 96 So.2d 71, 77, the major daughter would not be allowed recovery.
As to defendants' third contention, there is no basis for a reversal of the judgment sustaining the exception of no cause or right of action to the third-party petition. As stated hereinabove, no appeal was taken from the judgment sustaining that exception and the parties sought to be made third-party defendants are not before the court. Neither would it be possible to adjudicate the matter as between third-party plaintiffs and third-party defendants upon the merits because issue has never been joined between them, either by the entry of a default or by the filing of a formal answer.
Neither do we find any merit in defendants' contention that the judgment as against G. W. Sims is unauthorized. Sims was the owner of the truck and Voner was his employee. Sims had engaged the services of his truck and employee to the Martin companies for the purpose of hauling lumber between Castor and Alexandria, Louisiana. That Voner may have used the particular trailer without the expressed permission of his employer, Sims, or in violation of Sims's, expressed instructions to the contrary, is not sufficient to change the relationship of principal and agent, or employer and employee, between Sims and Voner. Nor do we think it material that, inasmuch as Sims and his employee were transporting lumber for the Martin companies, the Martin companies exercised some degree of direction as to the services which they had engaged.
Lastly for consideration is the quantum of the award in Mrs. Perot's favor. There is the usual conflict of opinion defendants contend that the award *592 is excessive and should be reduced, while plaintiff takes the opposite view that the award should be increased. The deceased was born November 3, 1884, and at the time of his death was 72 years of age. Plaintiff, his widow, was 66 years of age at the time of the accident. They had been married for approximately 48 years and had one child, a daughter, a resident of Houston, Texas. For many years Perot was engaged in the mercantile business at Campti, from which he retired shortly before his death. He had served as town marshal of his town, as well as a member of the Town Council, and at the time of his death was a member of the Board of Commissioners of the Gravity Drainage District of that portion of Natchitoches Parish. He was a prominent citizen and very highly regarded by everyone who knew him. The record is replete with evidence as to the esteem in which he was held. Numerous citizens testified to the deep love and affection that existed between Mr. and Mrs. Perot.
Following the accident and prior to his death, the deceased suffered excruciating pain, although of short duration. He was trapped inside the car with his head down and his feet and body upward, and from the injuries inflicted literally suffered deathhe pleaded that he be gotten out of the car and that he would die unless he could be removed promptly. There was no easy way by which Perot and Raphiel could be extricated from the wreckage. Tools had to be obtained from a distance and it took time to pry open the doors and permit their removal. The time required was not an insignificant periodpossibly 15 to 20 minutes. Shortly after he was removed, Perot died. The pain and suffering undergone by him was most severe.
No greater tragedy could befall Mrs. Perot or more indescribable auguish be visited upon her than was caused by the death of her husband, with whom she had lived in close companionship, endeared by love and affection, for nearly half a century. While his life expectancy was not too great, the evidence discloses that he was in extraordinarily good health and active. The loss of support may be small but it is, nevertheless, substantial.
In fixing an award, each case must necessarily stand on its own facts. There can, however, be no question as to the justification for an award of substantial damages. After consideration of all the facts and circumstances, considering the loss of the love, affection and companionship of the deceased, the loss of his support, and the intense pain and suffering undergone by him, we have concluded that the award approved by the trial judge is not excessive in this inflationary period when money is worth in purchasing power only a fraction of its normal value.
The record further establishes that plaintiff, Mrs. Perot, expended $1,396.74 for the funeral and interment expenses of her husband. These items are properly recoverable. Therefore, the judgment should be amended by increasing the award accordingly.
The conclusions reached herein make it unnecessary to consider further appellee's answer to the appeal.
In conformity with the views hereinabove expressed, it is ordered that the judgment appealed be amended and recast to read as follows:
It is, therefore, ordered, adjudged and decreed there be judgment herein in favor of the plaintiff, Mrs. Myrtle Y. Perot, and against the defendants, United States Casualty Company, G. W. Sims, and M. L. Voner, in solido, for the full sum of $26,396.74, with five percent per annum interest thereon from judicial demand until paid, and for all costs of this suit, and
It is further ordered, adjudged and decreed that the demands of plaintiff, Mrs. Myrtle Y. Perot, against the defendants, Albert A. Raphiel and the Great American Indemnity Company, and the demands of the plaintiff, Mrs. Elaine P. Keyser, as to *593 all defendants, be and the same are hereby rejected and dismissed.
It is further ordered, adjudged and decreed that the expert witness fee of Dr. James V. Kaufman be and the same is fixed at the sum of $50 and taxed as costs.
Affirmed in part, reversed in part, and rendered.