HARDY, Judge.
This suit was instituted by plaintiff, in the Twenty-Sixth Judicial District Court in and for the Parish of Bossier, as successor of the partnership of Wheless & Lyons Insurance Agency for the collection of the balance due on insurance premiums amounting to the principal sum of $1,424.01 for policies of insurance issued to and for the interest of the defendant. By answer the" defendant attempted to implead Sam E. Lyons as a party defendant and asserted, as against plaintiff’s claim, an alleged indebtedness by said Lyons to defendant, Kelly, arising from business transactions between these parties. A plea to the jurisdiction of the court, ratione personae, and exceptions of improper cumulation of actions and misjoinder of the parties defendant were filed on behalf of Lyons on December 19, 1960. By judgment of the court on January 13, 1961, read and signed on March 6, 1961, the plea to the jurisdiction and the exception of misjoinder were sustained and the demands of the defendant, Kelly, as against Lyons were dismissed. From this judgment the defendant, Kelly, has appealed.
Before this court a motion to dismiss the appeal has been filed on behalf of Lyons, which motion is predicated upon the contention that the judgment appealed from is interlocutory and therefore not subject to appeal except in such instance as would occasion irreparable injury, which circumstance is denied.
Subsequent to rendition of judgment sustaining the exceptions as above noted, but before actual signing of judgment, defendant, Kelly, made application to this court for writs, which application was refused on the ground that the proper remedy was by appeal. We were of the opinion at the time of acting upon relator’s application for writs that the judgment rendered was final insofar as it effected the dismissal of the demands of Kelly as against Lyons. Being of the same opinion it now follows that the motion to dismiss the appeal be and it is refused.
On the merits of the judgment it should be noted that the plea to the jurisdiction was predicated upon the fact that Lyons is a resident of the Parish of Caddo, and therefore not subject to the jurisdiction of the Bossier Parish District Court in which plaintiff’s suit was filed.
It appears to be conceded that the exception to the jurisdiction was correctly sustained under the appropriate provisions of the Code of Practice, unless the provisions of the new Louisiana Code of Civil Procedure should be applied to the circumstances of the instant case.
While it is true that the new Code became effective January 1, 1961, and the. judgment under examination on this appeal was not rendered until January 13th and signed on March 6, 1961, it must be considered, as above observed, that the pleadings upon which the judgment was based were filed December 19, 1960. The statute adopting the new Code of Civil Procedure contains detailed provisions as to the effect thereof and specifically declares that none of the provisions of the said Code shall affect the validity or change the legal effect of any pleading filed prior to the effective date (January 1, 1961) thereof, Act IS of 1960, Section 4(B) (2) (b).
It seems abundantly clear from consideration of the above statutory exception that the provisions of the new Code cannot be construed as having effect upon the pleadings which are the basis for the action taken in this case.
• It follows that the judgment appealed from should be, and, accordingly, it is affirmed at appellant’s cost.