REID, Judge.
This matter is before the Court on a motion to dismiss the appeal as to the third party defendants. Plaintiff, James N. Stevens, filed this suit against Daigle & Hinson Rambler, Inc. The defendants filed an answer and a third party petition seeking to bring into Court -under a call in warranty American Motors Corporation and American Motors Sales Corporation.
The third party defendants filed exceptions of no cause and no right of action and on December 18, 1961 the Lower Court rendered judgment sustaining these exceptions and dismissing the third party complaint. This judgment was rendered and signed on December 19, 1961. No motion for a new trial was made and no appeal was taken from this judgment at that time. The case was subsequently tried between the plaintiff and the original defendant on its merits and judgment was rendered against Daigle & Hinson Rambler Inc., on May 14, 1962. Defendant, Daigle & Hinson Rambler, Inc., appealed from this judgment and sought to appeal from the judgment of December 19, 1961. The appeal bond was posted and the appeal lodged in this Court on July 12, 1962.
Thereafter the third party defendant, American Motors Corporation and American Motors Sales Corporation filed this motion to dismiss the appeal as to these third party defendants contending that no devolu-tive appeal having been taken from the judgment of December 19, 1961 within the delay provided by law, said judgment of December 19, 1961 was final and therefore unap-pealable.
There is no question but what the appeal was taken more than 90 days after signing of the judgment and the delay for applying for a new trial. An appeal may be taken from the final judgment rendered in causes in which appeals are given by law where rendered after hearing, or by defendant from an interlocutory judgment which may cause irreparable injury. Article 2083 LSA-C.C.P. The delay for taking a devolu-tive appeal is provided by Article 2087 LSA-C.C.P., which reads as follows:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an ap-pealable order or judgment may be tak *107 en, and the security therefor furnished, only within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
There is nothing in the record to show that any motion for new trial was filed. The delays, therefore, of filing a motion for a new trial have long since expired, and the question now before the Court is whether the judgment sustaining the exceptions of no cause or right of action to the third party petition is a final and definitive judgment or an interlocutory decree.
The motion to dismiss is based on the proposition that a judgment sustaining exceptions of no cause and no right of action is a final and definitive judgment.
Article 1841 LSA-C.C.P. sets out the difference between interlocutory and final judgments, as follows:
“A judgment that does not determine merits but only preliminary matters in the course of the action is an interlocutory judgment. A judgment that determines the merits in whole or in part is a final judgment.” See Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666; Gladney v. Webre, 230 La. 175, 88 So. 2d 17; Perot v. United States Casualty Company, La.App., 98 So.2d 584; Clement v. Pointe Coupee Parish School Board, La.App., 75 So.2d 890.
Our Courts have held that a judgment dismissing a suit as to two defendants on exceptions of no cause or right of action was an appealable final judgment notwithstanding the fact that an exception filed by another defendant was referred to the merits.
In this suit the plaintiff in the third party demand contends that the judgment sustaining the exceptions of no cause or right of action to the third party petition was an interlocutory decree and an appeal was proper as to the said judgment when taken after the case had been tried on the merits and a judgment rendered and signed. They contend that the third party petition and call in warranty comes under the decision holding that a call in warranty is an interlocutory decree and relies on two cases, namely, Blanchard et al. v. Norman-Breaux Lumber Company, 216 La. 551, 44 So.2d 112, and Vance v. Noel, 143 La. 447, 78 So. 741.
These two cases were decided before the adoption of the Louisiana Code of Civil Procedure. Article 1111 of the LSA-Code of Civil Procedure provides that a defendant may bring in a third person who' is a warrantor or who may be liable to him for all or part of the principal demand. The official revision comments under this Article states that “probably the most radical change made in Louisiana’s procedural law in recent years was effected by La. Act 433 of 1954 discarding the call in warranty and adopting the third party action based largely upon the third party practice of federal procedure.” Therefore, under the provisions of this Article the old call in warranty provided by the Civil Code of Procedure of 1870 is no longer in effect and a defendant has to get his warrantor in Court by a third party petition.
It is suggestive that in the two decided cases relying on the third party petitioner were cases between the original plaintiff and defendant and in neither case does the war-rantor or third party defendant take any active steps to strike out the call in warranty.
In Blanchard v. Norman-Breaux Lumber Company, supra, the District Judge refused *108 to allow the defendant to call its vendor in warranty and rendered judgment in favor of the plaintiff and the defendant appealed. The Supreme Court reversed this decision and held that denying the defendant the right to call its vendor in warranty was in error.
In the case of Vance v. Noel, supra, the defendants being sued for a partition, in the answer denied part ownership in plaintiff and part ownership in themselves and averred further that they had acquired their interest from a third party and asked that this third party he called in warranty to defend the suit. The plaintiff alleging that this is a summary proceeding and that the defendant had no right or authority to make the call in warranty moved the Court to strike the same from the answer and that the order allowing same be recalled and rescinded within order was granted. In this case the Court likewise reversed the judgment of the Lower Court and ordered the call in warranty reinstated.
We think that these two cases are not in point because in the instant case the third party defendants themselves filed exceptions of no cause and no right of action They took an affirmative step to defeat the third party petition and call in warranty and we believe that the judgment sustaining the exceptions of no cause or right of action is final and not interlocutory.
Third party defendant in support of its motion cites the cases of Wheless v. Kelly’s Truck Terminal, La.App., 131 So.2d 142, and Perot v. United States Casualty Company, La.App., 98 So.2d 584. The case of Wheless v. Kelly’s Truck Terminal, supra, holds that a judgment sustaining exceptions by improper accumulation and misjoinder filed by a third party defendant is final and appealable.
The case of Perot v. United States Casualty Company, La.App., 98 So.2d 584, the defendant sought to implead a third party defendant who filed exceptions of no cause and no right of action. These exceptions were sustained and the demands of the third party plaintiff rejected at their costs. There was judgment in favor of the plaintiff in the original cause and the defendant appealed. The third party defendants asked that any appeal against them be dismissed. The plaintiff there made the same argument as in the instant case, that the judgment was interlocutory and that it could be only urged by appeal from the final judgment on the merits. The Supreme Court, however, held that the judgment sustaining the exceptions was a final judgment as regards the third party plaintiff and third party defendant and there had been no appeal taken from such judgment.
For these reasons we are of the opinion that the motion to dismiss the appeal filed by the third party defendants is good and should be sustained and accordingly the said appeal is dismissed insofar as they are concerned.
Motion to dismiss appeal sustained.