EDWARD C. PRADO, Circuit Judge,
dissenting:
I agree with the majority’s analysis and conclusion that the right that SLE assigned to Plaquemines was litigious. I must respectfully disagree with my colleagues, however, that the sale falls within the parameters of the judicial-sale exception.
The majority does not dispute that SLE voluntarily filed for Chapter 11 bankruptcy and submitted a Chapter 11 plan proposing a complete liquidation of its assets. Yet,' the majority ignores this fact and focuses instead on the legal nature of the bankruptcy proceeding, and SLE’s operation, once it was in bankruptcy. For example, while acknowledging that “financial desperation alone cannot transform a conventional sale into a forced sale for the purposes of the judicial-sale exception,” Majority Op. at 240, the majority appears to suggest that financial desperation during a bankruptcy proceeding entered into voluntarily can indeed result in forced sales. See id.: (“[A]n understanding of the company’s finances provides a practical context for the decisions that followed in the bankruptcy proceeding.” (emphasis added)); id. (“[A]n understanding of SLE’s business and statutory structure under which it operated once in bankruptcy reveals that it was not free to reorganize. SLE was effectively compelled to liquidate all of its assets.” (emphasis added)). I find that such a focus on the bankruptcy proceeding, rather than on SLE’s decision to enter bankruptcy voluntarily, is a misplaced focus on the means by which the sale is achieved rather than on the initial decision to sell.
.The focus should be on the decision to sell and its underlying incentives. As the district court noted, Article 2652 seeks to “remov[e] the financial incentive from the assignment of litigious rights.” CHS, Inc. v. Plaquemines Holdings, LLC, 484 B.R. 302, 307-08 (E.D.La.2012) (citing U.S. v. 12,918.28 Acres of Land, 50 F.Supp. 712, 721-23 (W.D.La.1943)). “[T]he lawmakers have deemed it advisable from a standpoint of equity and public policy, in the sale of a matter in litigation, to favor the party against whom the matter in litigation is transferred over one who speculates in law suits.” Smith v. Cook, 189 La. 632, 180 So. 469, 472-73 (1938). The judicial sales found in Bluefields, Early, and Hughes were completely devoid of any such financial incentive. See Bluefields S.S. Co. v. Lala Ferraras Cangleosi S.S. Co., 133 La. 424, 63 So. 96 (1913) (receivership proceeding); Early v. Black, 12 La. 205 (1838) (sheriffs sale); Hughes v. Harrison, 7 Mart, (n.s.) 227 (La.1828) (sheriffs *242 sale). Those sellers did not pursue any financial incentive, much less speculate in their respective law suits. They had no part in the decision to sell whatsoever; rather, a competent tribunal exercised the initial decision-making authority to sell. See, e.g., Early, 12 La. at 206 (finding that the purchaser held title by “an adjudication by a public officer, at a forced sale, made by order of a competent tribunal”).
Here, financial desperation alone drove SLE’s decision to enter Chapter 11 bankruptcy and liquidate its assets. SLE found itself in a position where the financial incentive to file for Chapter 11 bankruptcy and liquidate its litigious right was greater than the financial incentive to continue its operations and to maintain its claim against CHS. The Supreme Court of Louisiana has recognized such a financially driven decision as one reason why a plaintiff may decide to sell its litigious right rather than continue prosecution. Sanders v. Ditch, 110 La. 884, 34 So. 860, 866 (1903) (“[lit might happen that a person unable, for one reason or another, to prosecute a claim, would [by the sale of his litigious right] be enabled to realize something, whereas, if left to himself, he would get nothing.”). That SLE ultimately pursued this financial incentive through Chapter 11 does not lessen the financial incentives that guided its initial decision to liquidate. Nor does it alleviate the financial incentive concern that Article 2652 seeks to remedy.
No competent tribunal compelled SLE’s initial decision to enter Chapter 11 bankruptcy and liquidate its assets. Instead, SLE liquidated its assets through bankruptcy to realize something, rather than nothing, for its litigious right. Such a financially motivated sale is precisely what Article 2652 seeks to remedy, and it should not fall within the purview of the judicial-sale exception. Accordingly, I respectfully dissent.