797 F.2d 214
 UNIMOBIL 84, INC., Plaintiff-Appellant,
v.
Petr L. SPURNEY, Floyd W. Lewis, Federal Insurance Company,
National Union Fire Insurance Company of
Pittsburgh, Pa. and Western World
Insurance Company, Inc.,
Respondents-Appellees.
 No. 85-3460.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 15, 1986.
 
 David Stone, Stone, Pigman, Walther, Wittmann & Hutchinson, Richard C. Stanley, New Orleans, La., for plaintiff-appellant.
 Eugene R. Preaus, Phelps, Dunbar, Marks, Claverie & Sims, Brent B. Barriere, for Spurney and Lewis.
 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Weigel, New Orleans, La., for Floyd Lewis.
 Christovich & Kearney, Lawrence J. Ernst, New Orleans, La., for Federal Ins. Co.
 Bienvenu, Foster, Ryan & O'Bannon, Ernest L. O'Bannon, New Orleans, La., for Western World.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before IRVING L. GOLDBERG, JERRE S. WILLIAMS and W. EUGENE DAVIS, Circuit Judges.OPINION
 W. EUGENE DAVIS, Circuit Judge:
 
 
 1
 Plaintiff, Unimobil 84, Inc. (Unimobil), appeals the dismissal of its action against Petr L. Spurney and Floyd W. Lewis, officers and directors of the Louisiana World Exposition, Inc. (LWE). The district court held that Spurney and Lewis were not personally liable for LWE's indebtedness to Unimobil. We affirm.
 
 I.
 
 2
 Unimobil contracted with LWE, a non-profit corporation, to construct and operate a monorail system at the 1984 World Exposition in New Orleans. In section 4.05 of their contract, LWE agreed that:
 
 
 3
 Fifteen percent (15%) of the Gross Admission Revenue ... shall be collected and held by the Exposition as trustee in trust for the fulfillment of its obligations ... [and such funds] shall not be deemed part of the general assets of the Exposition.
 
 
 4
 LWE filed a petition in bankruptcy and Unimobil did not receive the full amount it was owed under the contract. Unimobil then filed suit against Lewis and Spurney and their insurers alleging that the defendants (1) made intentional or negligent misrepresentations to Unimobil which Unimobil relied on to its detriment; (2) breached their personal duty to fulfill the fiduciary obligation of LWE to Unimobil arising under the concession agreement; (3) were negligent; and (4) converted and diverted assets belonging to Unimobil. The district court rejected all theories of recovery advanced by Unimobil and granted appellees' motion to dismiss.
 
 
 5
 In this appeal, Unimobil argues that its complaint states a cause of action under Louisiana law for either conversion, negligent and intentional misrepresentation, breach of a fiduciary duty or negligence.
 
 II.
 
 6
 Unimobil recognizes, as it must, the strong Louisiana policy of shielding officers and directors from liability for corporate debts. The Louisiana Civil Code makes it clear that a corporation is a separate, distinct entity and the creditors of the corporation cannot demand payment of corporate debts from its officers. La.Civ.Code Art. 437. See also La.R.S. 12:226 (1969). The following expression of this policy by the Louisiana Supreme Court in 1932 has been consistently followed: "Officers and directors are merely agents of the corporation, and, except for acts of malfeasance, are answerable to it alone. A creditor of a corporation has no right of action against the corporation's agents for gross negligence or maladministration of corporate affairs or omission of duty." Wirth v. Albert, 174 La. 373, 141 So. 1, 4 (1932); Bacher v. Albert, 180 La. 108, 156 So. 191 (1934); Allen v. Cochran, 160 La. 425, 107 So. 292 (1926).
 
 
 7
 The district court, in denying relief to Unimobil, relied heavily on a closely analogous case recently decided by the Louisiana Fourth Circuit Court of Appeals, Fine Ironworks v. Louisiana World Exposition, 472 So.2d 201 (La. 4th Cir.1985). In that case Fine Ironworks sought to impose liability against Spurney and Lewis, appellees in this case, for indebtedness of LWE. The court, in rejecting Fine Ironworks' claim against the corporate officers and directors, resolved most of the issues appellant raises in this appeal.
 
 
 8
 In Fine Ironworks, the plaintiff agreed to construct three oases for LWE at the fair. LWE had a sponsor for this project which agreed to pay for a portion of this construction. Plaintiff alleged that it relied on the representations of the defendant corporate officers that these grant funds from the sponsor were available to pay the amount due the plaintiff for construction. Plaintiff alleged causes of action against the officers and directors on theories of negligence, misapplication and diversion of funds, breach of a fiduciary relationship and intentional misrepresentations. The court rejected plaintiff's claim under all theories advanced and sustained the defendant's motions to dismiss. We now consider in more detail each theory of recovery advanced by appellant.
 
 A. Conversion
 
 9
 Unimobil first seeks to avoid the general rule that officers and directors of a corporation are not personally liable for the corporation's debts by arguing that it is not simply a creditor of LWE, but rather a victim of a tort committed by Spurney and Lewis. It alleges that Spurney and Lewis knowingly converted and diverted property belonging to Unimobil. Unimobil recognizes that it must establish, as an essential element of its conversion claim, that it owned 15% of the admission funds LWE collected. Unimobil argues that the language in the concession agreement[1] establishes its ownership of the funds under our recent decision in Chrysler Credit Corporation v. Perry Chrysler Plymouth, Inc., 783 F.2d 480 (5th Cir.1986). In that case, Chrysler Credit Corp. financed the defendant automobile dealer's purchase of vehicles, and took as security a chattel mortgage on the vehicles. Upon the sale of a mortgaged vehicle, the dealer, Perry Chrysler agreed:
 
 
 10
 The proceeds of each sale ... shall be the property of the mortgagee [Chrysler Credit] and shall be held in trust by the mortgagor for the use and benefit of the mortgagee and the mortgagor agrees as such trustee to deliver such proceeds and such evidence of sale immediately upon his or its receipt thereof to the mortgagee....
 
 
 11
 783 F.2d at 482. The dealer failed to remit the proceeds as agreed and in fact Julian Perry, the president and sole shareholder of the corporate dealership, wagered some of the proceeds at the gaming tables in Las Vegas. We held that the contract was sufficient to establish Chrysler Credit's ownership of the funds and concluded that Julian Perry, as a corporate officer, was personally liable for the conversion of the funds.
 
 
 12
 Appellant's reliance on Chrysler Credit Corp. is misplaced because the facts of that case are distinguishable from those in today's case in at least two significant respects. First, the language in the two contracts is materially different. Chrysler Credit's contract with the dealer quoted above--unlike Unimobil's contract with LWE--provided explicitly that the proceeds of the sales belonged to Chrysler Credit and required the dealer to immediately transmit these funds to Chrysler Credit. On these facts we held that the proceeds of the automobile sales belonged to Chrysler Credit. On the other hand, the Unimobil contract did not require LWE to segregate the gate receipts LWE agreed to withhold; neither did the contract require LWE to immediately remit these receipts. Although the contract did provide that 15% of the gate would not "be deemed part of the assets of LWE," this provision standing alone is insufficient to vest ownership of the funds in Unimobil.
 
 
 13
 Second, in Chrysler Credit, Julian Perry took at least a portion of the funds belonging to Chrysler Credit for his personal use. Unimobil did not allege that Spurney and Lewis used the proceeds from admissions for any purpose other than payment of legitimate corporate debts.
 
 
 14
 Unimobil also relies on Bluefields S.S. Co. v. Lala Ferreras Cangelosi S.S. Co., 133 La. 424, 63 So. 96 (La.1913). In that case the defendant corporation, at the direction of its president, sold the plaintiff's cargo of bananas and refused to remit the proceeds. The court allowed the plaintiff cargo owner to recover from the president of the defendant corporation. The facts in Bluefields are also distinguishable from the instant case in at least two respects: first, unlike the proceeds from admissions to LWE's fair, the funds derived from the sale of plaintiff's cargo belonged to the plaintiff. Second, at least part of the funds were used by the corporate officer for his personal benefit. We conclude that the district court correctly rejected Unimobil's conversion theory.
 
 B. Intentional Misrepresentation
 
 15
 Unimobil next argues that it has stated a cause of action for intentional misrepresentation. An allegation of intentional misrepresentation is essentially an allegation of fraud. Altex Ready-Mixed Concrete Co. v. Employers Commercial Union Ins. Co., 308 So.2d 889, 892 (La.App. 1st Cir.1975). A corporate officer is, of course, responsible for his own fraudulent acts. Fine Iron Works, 472 So.2d at 202-03. To state a cause of action for fraud, however, requires a plaintiff to allege with particularity the defendant's acts which the plaintiff contends amount to fraud. F.R.Civ.P. 9(b); Fine Iron Works, supra; Brown v. Chaffee, 612 F.2d 497 (10th Cir.1979); Massey-Ferguson, Inc. v. Bent Equipment Co., 283 F.2d 12 (5th Cir.1960). Unimobil's general allegations, which do not state with particularity what representations each defendant made, do not meet this requirement. 2A Moore's Federal Practice p 9.03, pp. 9-20-24 (2d ed. 1985).
 
 C. Fiduciary Duty and Negligence
 
 16
 Unimobil concedes that the contract between Unimobil and LWE does not satisfy the requirements for establishing a trust under Louisiana law; Unimobil also acknowledges that constructive trusts are not recognized in Louisiana. Schwegmann v. Schwegmann, 441 So.2d 316, 322-23 (La.App. 5th Cir.1983). Unimobil argues, however, that the language in the concession agreement that LWE would hold the funds as "trustee in trust" created a fiduciary duty which Spurney and Lewis breached. If any fiduciary duty is established by the contract, however, the duty is owed by LWE; Spurney and Lewis are not parties to the contract. The law is well-established in Louisiana that officers and directors owe a fiduciary duty only to a corporation and the shareholders it serves. La.R.S. 12:226(A) (1969). The district court correctly rejected Unimobil's claim predicated on breach of a fiduciary duty. See Fine Iron Works, supra.
 
 
 17
 Finally, Unimobil alleges that negligent misrepresentations and other negligent acts by appellees give rise to a cause of action in its favor. But Spurney and Lewis owed no duty to Unimobil for the reasons stated above and this theory must also fail. Appellant relies on Canter v. Koehring Co., 283 So.2d 716 (La.1973), which holds that an officer of a corporation may be liable in tort for his personal negligence which results in bodily injury to a person. We agree with Fine Iron Works that Canter applies only to bodily injury claims and does not apply to claims arising in a commercial setting. The court in Fine Iron Works succinctly distinguished Canter:
 
 
 18
 The public policy considerations which made the individuals liable in these cases have no application to the relationship between an officer or director of a corporation and a commercial creditor of the corporation. C.C. Art. 437 and R.S. 12:226 would be meaningless if officers and directors were said to have a personal duty to a specific creditor to have its bill paid by the corporation.
 
 
 19
 472 So.2d at 203. We conclude that Unimobil is nothing more than a creditor of LWE and as such Spurney and Lewis have no personal liability to Unimobil.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Fifteen percent (15%) of the Gross Admission Revenue ... shall be collected and held by the Exposition as trustee in trust for the fulfillment of its obligations ... [and such funds] shall not be deemed part of the general assets of the Exposition