814 F.2d 230
 Dr. Herman COLOMB, d/b/a Uptown Square Winery, et al.,
Plaintiffs-Appellants,
v.
HARRISON PRICE COMPANY, INC., et al., Defendants,
and
Petr L. Spurney, Jeffery Stack, National Union Fire
Insurance Company of Pittsburgh, Pennsylvania,
Western World Insurance Company and
Federal Insurance Company,
Defendants-Appellees.
 No. 86-3854
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 April 13, 1987.
 Darleen M. Jacobs, Brian C. Beckwith, New Orleans, La., for plaintiffs-appellants.
 Dermot S. McGlinchey, B. Franklin Martin, III, J. Forrest Hinton, Stephen W. Rider, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for Peter L. Spurney.
 Ernest L. O'Bannon, John E. McAuliffe, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, La. for Western World Ins. Co.
 F. Lee Butler, Leslie A. Lanusse, Adams & Reese, New Orleans, La., for Nat. Union Fire Ins. Co.
 Appeal from the United States District Court For the Eastern District of Louisiana.
 Before POLITZ, WILLIAMS, and JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Before us for the third time is the appeal of the district court's dismissal of a complaint for damages against Messrs. Spurney, Stack and their three insurance companies, based on alleged intentional misrepresentations and negligence relating to the promotion of the Louisiana World's Fair. Both the original and first amended complaint[1] filed in the above case are, as conceded by appellants, virtually identical to the complaints previously found legally insufficient in the Hot Boudin Company, Inc. and Ray Manning v. Harrison Price Company, Inc., et al, 800 F.2d 1143 (5th Cir.1986) and 1884 Shop, Inc. v. Harrison Price Company, Inc., et al, 813 F.2d 406 (5th Cir.1987). Counsel in each of the three cases is the same. We dismissed the appeal in 1884 Shop as frivolous, based on the prior controlling authority of the Hot Boudin Company, Inc. and Unimobil, Inc. v. Spurney, 797 F.2d 214 (5th Cir.1986). We further advised counsel in the second appeal that only the court en banc could overrule prior panel opinions and that "any future appeals of cases based on the Hot Boudin pleadings will not be so generously treated" as to avoid an award of sanctions. Counsel nevertheless continues to plow the same ground in both the district and appellate courts, but she has concurrently filed with the instant case a motion for en banc review of Hot Boudin and Unimobil. No judge in regular active service has seen fit to request an en banc poll, and the motion is therefore DENIED.
 
 
 2
 Because counsel took this precautionary step, we decline to award sanctions for a frivolous appeal, only because our prior opinion may be read to have suggested this course as a safe harbor for plaintiff's counsel. There are no more safe harbors on the issues raised by this appeal, however. The defendants have been required to appeal too many times. Any further action before this Court in this case or similar cases will result in an award of sanctions against plaintiffs' counsel and/or her clients.
 
 
 3
 The judgment of the district court, dismissing this case as to defendants Spurney, Stack, and the three insurance companies is AFFIRMED. The motion for en banc hearing is DENIED.
 
 
 
 [1]
 Appellants' counsel sought to amend the defective pleadings literally on the eve of the district court hearing to reconsider dismissal on the pleadings. We are unsure of the status of the proposed amended pleading, which added a new defendant. We note, however, that the allegations of the amended pleading do not resuscitate the earlier pleadings, being almost exclusively on the conduct of the new defendant