**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**
_____

No. 95-20368
Summary Calendar
_____

RED ROCK INVESTMENTS and OMNI REALTY PARTNERS,

Plaintiffs,

KELLY BUSTER,

Intervenor-Plaintiff,

TRIUMPH PARTS, INC., and TRUMAN HEDDINS,

Plaintiffs-Appellants,

VERSUS

JAFCO LTD., INC GITA RAHASYA ASHRAMS,
BANFINANZ LTD., KENNETH B. CARNESI,
CARNESI & ASSOCIATES, and ROSS A. HAMPE,

Defendants,

MILTON Z. MENDE and BRITISH BANCORPORATION, LTD.,
also known as BBC,

Intervenor-Defendants,

BRITISH BANCORPORATI and ZENNICH NOHRIN ZENNICHI NORHRIN
KABUSHIKI KAISYA,

Defendants,

MITSUBISHI BANK,

Defendant-Appellee

```
                    *  *  *  *  *  *  *  *  *  *
```

TRIUMPH PARTS, INC., and TRUMAN HEDDINS,

                                    Plaintiffs-Appellants,

WOODROW W. ROARK,

                                    Intervenor-Plaintiff,

                              VERSUS

      BANFINANZ LTD.,  KENNETH B. CARNESI,
    CARNESI & ASSOCIATES, and ROSS A. HAMPE,

                                    Defendants,

            MITSUBISHI BANK, LTD.,

                                    Intervenor-Defendant-
                                    Appellee,

            ZEN-NICHI NOHRIN K. K.,
        doing business as Jafco Ltd., and
             GITA RAHASYA ASHRAMS,

                                    Intervenors-Defendants.

                    _____

            Appeal from the United States District Court
                for the Southern District of Texas

                    _____

                      February 16, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

_____

   [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Triumph Parts, Inc. ("Triumph"), and its principal, Truman Heddins, appeal the dismissal with prejudice of their claims against Mitsubishi Bank, Limited ("Mitsubishi").[1] Finding neither error nor abuse of discretion, we affirm.

## I.

Triumph and Heddins alleged a scheme by various persons to defraud investors by falsely representing that certain Japanese promissory notes[2] were guaranteed by Mitsubishi. They further alleged that these persons, who are defendants in related cases, offered them one of the promissory notes as collateral for a promised multi-million-dollar loan.

The note in question was issued by Zen-Nichi Nohrin Kabushiki Kaisha, a Japanese corporation that also operated under the name JAFCO, which had opened an account at one of Mitsubishi's Tokyo branches. Mitsubishi had verified JAFCO's identity, legal capacity, and financial condition pursuant to its internal operating procedures.

The promised loan fell through, and Heddins claimed that he lost ownership of Triumph as a result. Triumph and Heddins sued

---

[1] This appeal originates from a dispute between several plaintiffs and defendants. Multiple lawsuits were filed and subsequently were consolidated. Not all of the parties are before us on appeal. For convenience, however, we refer to Triumph and Heddins as "the plaintiffs," to Mitsubishi as "the defendant," and to the defendants not before us as the "non-party defendants."

[2] This particular type of promissory note, called a *yakusoku tegata*, is a unique Japanese financial instrument. Its closest American equivalent is a post-dated check, as opposed to a certified check (as the plaintiffs once claimed). The bank acts as the place of payment for these instruments, but will pay only such funds as remain in the accounts of the person who drew the note.

the non-party defendants, but not Mitsubishi, in the Eastern District of Texas. The district court there appointed a receiver, who presented the note in question to Mitsubishi's New York branch. Mitsubishi refused to honor the note on the ground that JAFCO no longer had any funds on deposit with the bank.

The receiver sued Mitsubishi, JAFCO, and one of the non-party defendants for breach of contract, fraud, conspiracy, and racketeering. Before being assigned to a discovery track, the receiver's suit was transferred to the Southern District of Texas and consolidated with the related actions. Triumph and Heddins substituted in as parties when the district court relieved the receiver of his position (at his request).

The district court stayed discovery, requesting briefing on the financial nature of the notes at issue in all of the consolidated suits. Mitsubishi argued that the note in this appeal was a promissory noteSS*i.e.*, like a post-dated check as opposed to a certified checkSSand that it created no legal obligation running from Mitsubishi to the plaintiffs. Mitsubishi moved for summary judgment, urging the district court that resolution of this issue in its favor would dispose of the plaintiffs' fraud, conspiracy, and racketeering claims against Mitsubishi.

Triumph and Heddins admitted that (1) the note was like a post-dated check rather than a certified check and (2) their counsel had advised them that the note would have been treated like a promissory note under Japanese law. Those admissions notwithstanding, the plaintiffs argued that they were entitled

4

(1) to discover all documents relating to Mitsubishi's relationship with JAFCO and its Mitsubishi account; (2) to depose Mitsubishi's expert on Japanese law; and (3) to depose any Mitsubishi officer who had dealt with JAFCO in opening the account. The plaintiffs failed to establish with particularlity how such discovery would raise a genuine issue of material fact.

The district court allowed the parties to supplement their pleadings with regard to the nature of the notes in question. The plaintiffs offered unsworn and unsupported assertions that they needed full discovery of Mitsubishi's relationship with JAFCO in order to prove their claims of fraud, conspiracy, and racketeering. They again failed to establish with particularity that such discovery would raise a genuine issue of material fact.

The court ruled, on summary judgment, that the notes at issue were like post-dated checks rather than certified checks, that Mitsubishi had no obligations to the plaintiffs in that regard, and that the plaintiffs had no claim for breach of contract. The court then gave the plaintiffs another opportunity to identify a genuine issue of material fact as to any claim that, if proven true, would permit recovery under the law. The plaintiffs responded by filing a motion for limited discovery under FED. R. CIV. P. 56(f), but they merely reassertedSSin a general and conclusory fashionSSthat they needed discovery to establish their claims. They once again failed to establish with any particularity how such discovery would raise a genuine issue of material fact.

Mitsubishi moved for summary judgment on the fraud,

5

conspiracy, and racketeering claims. The court noted that many of Mitsubishi's summary judgment arguments rested on the inadequacy of the complaint, which the plaintiffs had not amended since the court had held that the note was promissory note and not a certified check. The court gave the plaintiffs thirty days to amend.

The plaintiffs did so, making several important changes. They withdrew the breach of contract claim and all references to the note as a certified check rather than as a promissory note, and they also added claims of negligent misrepresentation and negligence.

Mitsubishi moved for dismissal of the amended complaint under FED. R. CIV. P. 12(b) or, in the alternative, for summary judgment under rule 56. The plaintiffs renewed their discovery request. Mitsubishi argued that discovery was unnecessary because of defects in the complaint; it argued in the alternative, if the motion was to be treated as a motion for summary judgment, that the plaintiffs had failed to meet their rule 56(f) burden to justify discovery.

The district court noted that Mitsubishi had already given the plaintiffs the material they had asked for in their document production requests to MitsubishiSS*i.e.*, documents concerning Mitsubishi's knowledge of (1) JAFCO, (2) JAFCO's intended use of the promissory note forms, and (3) JAFCO's financial condition and business. The court found that the plaintiffs had failed to specify what further information they needed and how that information would help them defend against summary judgment. The court also concluded that no hypothetical discovery could help the

6

plaintiffs, because of the defects in their pleadings.

The district court then dismissed all of the plaintiffs' claims against Mitsubishi with prejudice. Having done so, and having severed the claims of the plaintiffs against Mitsubishi, the court entered final judgment for Mitsubishi under FED. R. CIV. P. 54(b).


II.

We review the dismissal of the plaintiffs' claims *de novo*. The plaintiffs alleged six causes of action in the district court: (1) fraud; (2) conspiracy to defraud; (3) pattern of racketeering; (4) racketeering conspiracy; (5) negligent misrepresentation; and (6) negligence.

The plaintiffs claimed that Mitsubishi defrauded them and conspired to defraud them. The court found that the plaintiffs had failed to allege that Mitsubishi, as distinguished from the non-party defendants, had made any representations to the plaintiffs. None of the documents allegedly used to defraud the plaintiffs was prepared by Mitsubishi.

The plaintiffs have thus failed to allege a necessary element of fraud. *See South Hampton Co. v. Stinnes Corp.*, 733 F.2d 1108, 1120 (5th Cir. 1984) (citing *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex. 1977), and *Oilwell Div., U.S. Steel Corp. v. Fryer*, 493 S.W.2d 487, 491 (Tex. 1973)); *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 723 (Tex. 1990). By failing to allege any misrepresentation by Mitsubishi, the plaintiffs also failed to

7

allege a concerted action to defraud, a necessary element of a conspiracy to defraud. *See Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857 (Tex. 1968); *Bayou Terrace Inv. Corp. v. Lyles*, 881 S.W.2d 810, 815 (Tex. AppSSHouston [1st Dist.] 1994, no writ).

Furthermore, the plaintiffs' allegations failed to allege fraud and conspiracy to defraud with sufficient particularity to escape FED. R. CIV. P. 9(b)'s pleading standard for those offenses. The plaintiffs's allegations, as amended, were general and did not state the time, place, or content of any misrepresentation by Mitsubishi to the plaintiffs, or the identity of the person making the misrepresentation. They therefore did not satisfy rule 9(b). *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992) (citations omitted); *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986).

The plaintiffs also asserted that Mitsubishi had engaged in a pattern of racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (c), and (d) (West 1984 & Supp. 1995). They further claimed that Mitsubishi conspired with JAFCO and an unrelated defendant to violate § 1962.

Once again, the plaintiffs have failed to allege a necessary element of their claims. Specifically, they failed to allege with particularity that Mitsubishi had engaged in a single predicate act of racketeering, let alone enough acts to establish a pattern. They did claim generally that Mitsubishi had engaged in mail and

8

wire fraud, which are predicate acts under RICO. *See* 18 U.S.C. § 1961(1)(B) (West Supp. 1995). Their specific allegations of mail and wire fraud, however, referred only to one of the non-party defendants, and not to Mitsubishi.

The plaintiffs thus have failed to meet rule 9(b)'s particularity requirement, which applies to the pleading of fraud as a predicate act in a RICO claim. *See Tel-Phonic*, 975 F.2d at 1138. This failure to allege a predicate act at all is also fatal to the claim of a racketeering conspiracy, because it prevents plaintiffs from successfully alleging an agreement to commit predicate acts. *See id.* at 1140-41.

The plaintiffs have also failed to allege a necessary element of their negligent misrepresentation claim. They have failed to establish justifiable relianceSSindeed, any reliance at allSSon information supplied by Mitsubishi. *See Rosenthal v. Blum*, 529 S.W.2d 102, 104 (Tex. App.SSWaco 1975, writ ref'd n.r.e.); *Blue Bell v. Peat, Marwick, Mitchell & Co.*, 715 S.W.2d 408, 411 (Tex. App.SSDallas 1986, writ ref'd n.r.e.). The only allegations of reliance they put forward are instances of reliance on information supplied by non-party defendants. The first contact they allege between themselves and Mitsubishi is when the receiver presented the note in question to Mitsubishi for payment.

Finally, the plaintiffs alleged negligence on the part of Mitsubishi in failing to investigate JAFCO's financial condition and its use of the note forms. A bank, however, owes no legal duty of care to investigate or disclose its customers' conduct or intent

to third parties with whom the bank's customers do business. *See Inglish v. Union State Bank*, 911 S.W.2d 829, 834-35 (Tex. App.SSCorpus Christi 1995, no writ). This claim therefore fails as a matter of law.

In sum, the plaintiffs' pleadings are defective with respect to every claim they allege. The district court granted them several opportunities to remedy the defects, and the plaintiffs still failed to do so.

III.

The plaintiffs claim that they needed discovery in order to defend their claims against a motion for summary judgment. We review a decision to deny further discovery for abuse of discretion. The district court did not abuse its discretion in denying such discovery.

Despite plaintiffs' protestations to the contrary, we have held that "[r]ule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend his motion, Rule 56(f) is his remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citations omitted). Additionally, a plaintiff must allege specific facts that explain his inability to defend the motion for summary judgment; he cannot rely on general assertions that discovery will produce unspecified but necessary facts. *See id.*

With respect to the claims of fraud and conspiracy to defraud, the court noted that Mitsubishi had already produced documents

10

responsive to the plaintiffs' document production requests. The court found that the plaintiffs had failed to specify what further information was required and how such material would help them defend against the motion for summary judgment. *See Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993). Moreover, no discovery could remedy the plaintiffs' failure to allege a misrepresentation by Mitsubishi, a necessary element of the fraud and conspiracy to defraud claims.

With respect to the RICO claims, the court found that the plaintiffs once again had failed to specify what information they needed and how such information would assist them in opposing summary judgment. And, once again, no discovery could remedy the plaintiffs' failure to allege a predicate act in support of their RICO claims.

With respect to the negligent misrepresentation claim, the plaintiffs did not need any discovery from Mitsubishi to remedy their failure to allege justifiable reliance on information supplied by Mitsubishi. Knowledge of such reliance is entirely within the control of the plaintiffs, yet they still failed to allege it after several opportunities to amend. Finally, because Mitsubishi owed no legal duty of care to the plaintiffs regarding its relationship with JAFCO, the plaintiffs' requested discovery cannot, as a matter of law, uncover facts relevant to a claim of negligence against Mitsubishi.

We agree with the district court that the plaintiffs' pleadings were defective and that they were not entitled to further

discovery prior to the entry of summary judgment.  Accordingly, we AFFIRM.