# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2010

Lyle W. Cayce
Clerk

No. 09-20654

MICHAEL L. BROWN,

Plaintiff-Appellant

v.

THOMAS E. BILEK; THE BILEK LAW FIRM, L.L.P.;
and HOEFFNER & BILEK, L.L.P.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2193

Before JONES, Chief Judge, PRADO, Circuit Judge, and O'CONNOR, District Judge.[*]

REED O'CONNOR, District Judge:[**]

Plaintiff-Appellant Michael L. Brown ("Brown") appeals the district court's dismissal of his complaint with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, and alternatively, under Rule 9(b) of the Federal Rules of Civil Procedure for failure to plead his fraud-

---

[*] District Judge, Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20654

based claims with particularity.  We conclude that the district court did not err in dismissing Brown's complaint with prejudice, and affirm.

## I.     Factual Background and Procedural History

### A.     *In re Enron* Class Action Litigation

The facts that give rise to the instant lawsuit grow out of prior litigation, a securities fraud class action in which Brown was a member of the class. Following the collapse of Enron Corporation in 2001, shareholders across the nation filed suit.  The various shareholder lawsuits were consolidated in the United States District Court for the Southern District of Texas as Civil Action No. H-01-3624, captioned as *In re Enron Corp. Securities Litigation*, 206 F.R.D. 427 (S.D. Tex. 2002) ("*In re Enron*"), and heard by Judge Melinda Harmon.  The *In re Enron* litigation presented corporate securities claims and invoked the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat 737 (codified as amended in scattered sections of 15 U.S.C.).  Pursuant to the PSLRA, specifically 15 U.S.C. § 78u-4, Judge Harmon appointed the Regents of the University of California (the "Regents") as lead plaintiff.  In their role as lead plaintiff, the Regents selected, and the district court approved, the California law firm of Milberg Weiss Bershad Hynes & Lerach LLP[1] ("Lead Counsel") to serve as lead counsel for the Enron class of plaintiffs.  Lead Counsel, in turn, chose attorney Thomas E. Bilek ("Bilek") and his law firm as one of two Houston-based firms to serve as local counsel.

Approximately seven years into the *In re Enron* litigation, the parties reached various settlements totaling approximately $7.2 billion.  *See In re Enron Corp. Sec., Derivative & ERISA Litig.* (*Newby v. Enron Corp.*)*,* 586 F. Supp. 2d 732, 740 (S.D. Tex. 2008) (district court's order acknowledging a "total [settlement] recovery of approximately $7.2 billion, plus interest, achieved in

---

[1]  The Milberg Weiss lawyers handling the case later changed firm affiliation and subsequently became part of the law firm of Coughlin Stoia Rudman & Robbins L.L.P.

No. 09-20654

settlements in this action") (internal footnote omitted).   Lead Counsel subsequently moved for attorneys' fees from the settlement recovery. "Specifically Lead Counsel [sought] a fee of 9.52 percent of the total recovery, or approximately $688 million, plus interest accrued, in accordance with a fee agreement negotiated with Lead Plaintiff the Regents of the University of California at the outset of [the] litigation." *Id.* (internal footnote omitted).   In support of the Regents' fee request, attorneys who had contributed work on behalf of the class submitted documentation to the court of the work performed and hours expended on the case.  Bilek submitted a 107-page document setting forth the hours and tasks allegedly expended and performed by Bilek and his firm in the *In re Enron* litigation.  The district court provided an opportunity for the parties to object to the fee request, and Brown filed no objection.[2]   After extensive briefing and a fairness hearing, the district court found that the *ex ante* contingency fee agreement between the Regents and Lead Counsel "was negotiated at arm's length," "served to attract . . . one of the top, most experienced, and formidable securities law firms in the country," and that, at the time the fee was negotiated, "the 9.52 percentage [contingency fee] was lower than that awarded in most securities class actions."  *Id.* at 767.  The district court approved Lead Counsel's requested fee based on the contingency agreement, finding that it was a "fair and reasonable fee."[3]  *Id.* at 742, 828.  The

---

[2] At the time of the hearing, Brown was unaware of Bilek's alleged misrepresentations, and therefore could not have objected at that time.

[3] The district court also analyzed the fee request under a loadstar analysis for use in the event that enforcement of the *ex ante* percentage agreement was appealed and overturned or modified in favor of a loadstar analysis.  *Id.* at 778–804.  An appeal of the fee award was later filed and remained pending at the time the district court entered the order dismissing Brown's complaint in this subsequent case.  However, that appeal has since been dismissed by agreement.  *See* Stipulated Dismissal of Appeal Pursuant to Federal Rule of Appellate Procedure 42(b), *Newby v. Enron Corp.*, No. 08-20648 (5th Cir. Sept. 10, 2009); Dismissal Order, *Newby v. Enron Corp.*, No. 08-20648 (5th Cir. Sept. 16, 2009).  Therefore, the district court's decision to adopt the *ex ante* fee agreement is left undisturbed.

No. 09-20654

district court awarded the requested attorneys' fees to Lead Counsel. *Id*. at 828. Lead Counsel then worked in conjunction with the Regents to determine which other attorneys should receive a portion of the fees awarded, and in what amounts. Lead Counsel allocated and distributed approximately $16 million of the $688 million attorneys' fee award to Bilek.[4]

B.    Brown Files the Instant Lawsuit

Nine months after the district court approved Lead Counsel's fee request, Brown filed the instant case. In his complaint, Brown asserted claims for fraud and breach of fiduciary duty against Bilek, The Bilek Law Firm, L.L.P., and Hoeffner & Bilek, L.L.P. Brown filed his complaint in Texas state court on behalf of the putative class of

> [a]ll persons or entities who, as shareholders of Enron Corporation, participated in, did not opt out of, and received monies as a result of the settlement of the class action case styled: *In re ENRON CORPORATION SECURITIES LITIGATION*, Civil Action No. H-01-3624 (Consolidated), in the United States District Court, Southern District of Texas, Houston Division.

Brown's complaint alleged that, "as part of the various attorneys' efforts in the [*In re Enron*] case to obtain fees," Bilek provided false and exaggerated information to the district court. Brown further alleged that, "[a]s a result of Defendants' misrepresentations to the Court, Defendants received more than $16 million in attorneys' fees from the *Enron* Case. Such fee reduced the amount of recovery available to distribute to the class members."[5] Brown sought

---

[4] In the district court, Brown alleged that Bilek received approximately $16 million in fees. On appeal, Brown alleges that Bilek received approximately $18 million. We use the figure presented to the district court, but our analysis would be the same using either amount.

[5] After receiving Brown's complaint, Bilek provided notice of the suit to the Regents. The Regents subsequently filed a notice on the docket of the *In re Enron* litigation stating that Bilek had submitted his time under oath, that they and Lead Counsel had reviewed the time Bilek submitted, that they had observed Bilek's work on the case over the years and that they "did not have any reason to believe that there was any impropriety with respect to Mr. Bilek's

No. 09-20654

disgorgement and unspecified actual and punitive damages.

Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) and § 1443, Bilek removed the case from Texas state court to the Southern District of Texas.[6] Bilek moved to dismiss Brown's case, and the district court granted his motion. The district court held that Brown could not represent his purported class because it was already represented by the Regents, pursuant to their appointment under the PSLRA as lead plaintiff in the *In re Enron* litigation. Thus, the district court held, any claims asserted on behalf of the class should have been brought by the Regents. Additionally, the district court held that, even assuming Brown could act on behalf of the purported class, he could not challenge the *In re Enron* fee award in a subsequent tort lawsuit. The district court viewed Brown's suit as an attempt to obtain relief from the court order in *In re Enron* that the fee award to Lead Counsel was "fair and reasonable." Thus, the district court reasoned, the challenge should have been brought by a motion under Rule 60(b) of the Federal Rules of Civil Procedure to set aside the judgment in *In re Enron*, or by an action consistent with the PSLRA. Third, and in the alternative, the district court found that Brown failed to plead his claims with particularity, as mandated by Rule 9(b) of the Federal Rules of Civil Procedure.

The district court dismissed Brown's complaint with prejudice, and this appeal follows.

---

submitted time." Lead Plaintiff's Notice Regarding Case Against Thomas Bilek, *In re Enron Corp. Sec. Litig.* (*Newby v. Enron Corp.*), Civ. Act. No. H-01-3624 (S.D. Tex. June 22, 2009). Nevertheless, noting that they took Brown's allegations seriously, the Regents stated that they had requested substantiation of Brown's claims from Brown's attorney, who had not responded. *Id.*

[6] Following removal, Bilek's case was originally assigned to Judge Kenneth M. Hoyt. Judge Hoyt transferred the case to Judge Harmon since Judge Harmon has presided over the *In re Enron* litigation.

## II.   Standard of Review

"This court reviews the district court's dismissal under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Courts have also applied the particularity requirement of Rule 9(b) to breach of fiduciary duty claims predicated on fraud.  *See*, *e.g.*, *City of Driscoll, Texas v. Saenz*, No. C-06-543, 2007 WL 173232, at *5 (S.D. Tex. Jan. 17, 2007) (citing, *inter alia, In re Elec. Data Sys. Corp. ERISA Litig.*, 305 F. Supp. 2d 658, 672 (E.D. Tex. 2004) ("Only a breach of fiduciary duty claim which includes a fraud claim implicates Rule 9(b).")).

## III.   Analysis

### A.   Dismissal for Failure to State a Claim

Brown first challenges the district court's holding that Brown's claims against Bilek and his law firms must be brought, if at all, through the Regents in their capacity as lead plaintiff in the *In re Enron* litigation.  We hold that based upon the facts present here, Brown's allegations must be presented through the Regents in a manner consistent with the PSLRA, rather than advanced by Brown in a separate tort lawsuit.

The PSLRA provides that the district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class

members."   15 U.S.C. § 78u-4(a)(3)(B)(I).[7]   It is undisputed that Brown's proposed class is encompassed by the *In re Enron* litigation class, which is represented by the Regents as the appointed lead plaintiff.  The PSLRA provides that, once selected, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." *Id*. § 78u-4(a)(3)(B)(v).  "[T]he PSLRA grants th[e] lead plaintiff primary responsibility for selecting and supervising the attorneys who work on behalf of the class." *In re Cendant Corp. Sec. Litig*. ("*Cendant II*"), 404 F.3d 173, 181 (3rd Cir. 2005).[8]  "Any attorney who wishes to be compensated out of the plaintiff class's recovery in a class action governed by the PSLRA must submit his fee requests to the PSLRA lead plaintiff." *Id*. at 199.  Under the framework established by the PSLRA, "lead plaintiffs are entitled to significant discretion in selecting and compensating lead counsel" and "so to are they entitled to similar discretion in determining whether other firms have benefited [sic] the class, and whether and to what extent to compensate such firms."[9]  *Id*. at 180–81.

The facts that form the basis of Brown's suit are inextricably woven into the *In re Enron* litigation.  Brown has alleged that Bilek committed fraud on the

---

[7] The PSLRA also creates a "rebuttable presumption" that the lead plaintiff "has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Brown has advanced no argument attempting to rebut this presumption, nor has he alleged that the Regents would not adequately represent the interests of the class by rectifying Bilek's alleged fraud.

[8] *Cendant II* followed the Third Circuit's opinion in *In re Cendant Corp. Sec. Litig* ("*Cendant I*"), 264 F.3d 201 (3rd Cir. 2001), in which the court "rejected the District Court's use of an auction mechanism to select and compensate lead counsel, and remanded for a determination of attorneys' fees in accordance with the agreement between lead plaintiffs and their chosen lead counsel." *Cendant II*, 404 F.3d at 180.

[9] In reciting the PSLRA provisions governing the lead counsel's responsibility to select and monitor other counsel involved in a case, we are not called upon to discuss, nor do we reach any conclusion regarding the court's duties to oversee the reasonableness of the ultimate fee award. This decision is limited to Bilek's procedural duty to present his allegations first to counsel for the Regents pursuant to the statute.

*In re Enron* court, plaintiff class, and lead plaintiff by making false representations regarding his work on behalf of the class. Brown seeks to disgorge the attorneys' fees received by Bilek through the PSLRA-governed fee award in *In re Enron* and to return such fees to the class members.[10] If Brown's action were successful, it would necessarily disturb the *ex ante* percentage fee agreement between the Regents and Lead Counsel, the district court's order approving that arrangement, as well as the Regent's determination of which non-lead counsel are entitled to attorneys' fees from the class recovery, and in what amounts. An unnamed class member may not circumvent a PSLRA lead plaintiff's authority by filing an independent tort lawsuit on behalf of members of the class complaining of acts and omissions that occurred in the context of the PSLRA-governed litigation. Given the specific requirements of the PSLRA, as well as the facts of this case, Brown's allegations must be brought, if at all, in a motion under Rule 60(b) of the Federal Rules of Civil Procedure by the Regents in their capacity as lead plaintiff.[11]

B.    Dismissal for Failure to Plead Fraud with Particularity

1.    9(b) Deficiency

The district court found that, in the alternative, Brown's complaint failed to meet the pleading requirements of Rule 9(b). Brown argues that the district court held him to too high of a pleading standard. After reviewing Brown's complaint *de novo*, we agree that it failed to meet the requirements of Rule 9(b).

This Circuit has held that "the Rule 9(b) standards require specificity as

---

[10] Brown does not argue that Bilek's portion of the fees should be re-allocated to the remaining attorneys rather than remitted to the class. Brown would lack standing to advance such a proposed remedy.

[11] Because this holding mandates dismissal of Brown's complaint for failure to state a claim, we do not opine on the subsequent and even more fact-specific question of whether, and if so, under what circumstances, a proper plaintiff may bring a tort lawsuit to challenge a PSLRA-governed fee award.

No. 09-20654

to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Nathenson v. Zonagen*, 267 F.3d 400, 412 (5th Cir. 2001)). "What constitutes 'particularity' will necessarily differ with the facts of each case and hence the Fifth Circuit has never articulated the requirements of Rule 9(b) in great detail," but "has found that the plaintiff must allege with particularity 'the defendant's acts with the plaintiff contends amount to fraud.'" *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992) (quoting *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986)).

Turning to the facts of this case, Brown's complaint presents Bilek's alleged misbehavior in general terms that fall short of the heightened pleading requirements of Rule 9(b). Brown's complaint alleges that, "Bilek [] provided to the [*In re Enron*] Court information that was, in some cases patently and demonstrably false, and in other cases, grossly exaggerated, in order to justify a fee award for him and the law firms with whom he was affiliated." However, Bilek did not identify with particularity even one such piece of information, did not plead facts demonstrating why the information was patently and demonstratably false, and did not state to what extent it was exaggerated. His complaint further alleges, "Defendants breached [their] fiduciary duty by providing false information to the Court to justify a fee award, by violating the criminal laws, and by violating various attorney ethical obligations imposed by the State Bar of Texas." Brown does not support these general allegations with particular facts tending to show specifically what information was false, why the information was false, or which criminal laws and ethical obligations Bilek violated. After reviewing the facts of this case, we agree that Brown's complaint failed plead his allegations with the particularity required by Rule 9(b).

9

No. 09-20654

2. Denial of Leave to Amend

Brown also contends that, after finding his pleading deficient under Rule 9(b), the district court should have either granted him leave to amend his pleadings or dismissed his suit without prejudice. On review, this court must "review the denial of leave to amend the complaint for abuse of discretion." *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir. 2002). Brown provided the district court no guidance as to why he should be given an opportunity to replead, or to the substance of his proposed amended complaint. Courts of this Circuit have affirmed denials of motions for leave to amend when plaintiffs "fail[] to amend their complaint as a matter of right, fail[] to furnish the district court with a proposed amended complaint, and fail[] to alert both the court and defendants to the substance of their proposed amendment." *Id.* at 315. Even on appeal, Brown has not identified any facts he would add to his complaint if given the opportunity to replead, but instead has asserted that "it escapes logical reasoning as to how his Petition could be made more 'particular.'" Brief of Appellant Michael L. Brown at 22, *Brown v. Bilek*, No. 09-20654 (5th Cir. Nov. 25, 2009). We therefore cannot say that the district court abused its discretion in dismissing Brown's complaint without first providing him the opportunity to replead.

## IV. CONCLUSION

Brown's complaint was properly dismissed for failure to state a claim because, on the facts of this case, his allegations must be presented through the lead plaintiff in a manner consistent with the PSLRA. Additionally, Brown's complaint was properly dismissed because he failed to plead his claims with particularity as required by Rule 9(b). We hold that the district court did not err in dismissing Brown's complaint with prejudice.

Affirmed.

10